W. R. (SLIM) WOOD, *alias* WILLIE WILSON V. STATE

No. 27,214 November 24, 1954

*Reid & Reid,* by *J. W. Reid,* and *Theo Ash,* Abilene, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possessing whisky, wine and beer in a dry area for the purpose of sale; the punishment, 30 days in jail and a fine of $750.

Appellant and his wife operated a hotel in Abilene, in a two-story building owned by them consisting of a lobby, behind which were apartments which they occupied, and a number of store spaces which they rented. The building faces south. Adjoining the lobby to the east was a drug store, west of the lobby was a barber shop, then a cafe and to the extreme west a recreation hall. The respective businesses were operated by different tenants of appellant.

The upstairs of the building consisted of guest rooms, the renting of which constituted the hotel business of appellant and his wife.

At the rear of the barbershop and between the cafe and the apartment occupied by appellant and his wife was a storage room in which was located a water heater. The only entrance to this room was by a door from the north leading from the car storage area in the rear of the building.

Beneath this storage was a basement room which could be reached only through the storage room, where the water heater was located, through a hidden door and down a stairway leading to the basement room.

Appellant was not present when officers, searching the hotel, discovered the hidden door in the storage room and gained access to the basement room where a large amount of whisky, wine and beer was found.

Appellant's wife, who, according to the officers, consented to the search of the hotel, advised them that she did not have a key to the storage room.

The principal defense testimony was addressed to the question of whether the search was authorized by appellant's wife, or was made under a search warrant which appears to have been secured by the officers. If the latter, it is suggested that a search of that part of the premises where the liquor was found was not authorized.

The proof shows that the door to the storage room was locked. The state offered as witnesses the tenants of the several rental spaces, all of whom with the exception of L. V. Hammond, who operated the cafe, testified that they did not have a key to said room and had no control over it.

L. V. Hammond testified as a state's witness and said that he had a key to the storage room, but knew nothing about the underground room; did not know it was there. Asked "Now, do you have any control over that storeroom? Do you keep any supplies in there or anything of that nature?" He answered "I do." He further testified that he had the key for the purpose of the use and care of the water heater located in the storage room, and that on two occasions appellant had borrowed his key; that appellant had control over the storeroom as far as he knew; that he was not renting it.

After the witness Hammond had been examined and cross-examined as a state's witness, he was called by appellant as a

witness and testified during the presentment of the defense testimony, at which time appellant's counsel agreed that he was then testifying as a defense witness. The testimony given upon this examination and cross-examination was to the same effect as his original testimony.

Bills of Exception 5 and 6 relate to the rulings and remarks of the trial judge made during the argument of counsel for the defendant and while counsel was addressing himself to the testimony of and concerning the witness Hammond.

Counsel, in effect, argued to the jury that the state had shown L. V. Hammond to have been the one person who had a key by which entrance could be had into the storeroom and thus into the basement room where the liquor was found; that the court had instructed the jury that if others had equal opportunity to possess the liquor to the exclusion of appellant they should acquit. Counsel expressed the conclusion that the state had shown Hammond to have been in actual possession of the room, and that Hammond ought to be the defendant in the case.

Objection was made to such argument because it was impeachment of a witness who had been called by the defendant.

The trial judge made the following remarks and rulings:

"Go ahead. Under the law you have vouched for him. You will not impeach your own witness."

"The objection is sustained, and the jury is instructed that the defendant has vouched for the credibility of the witness by placing him on the stand, and Mr. Ash, you are specifically restrained from attempting now in your argument to impeach or shift any blame on to him."

The case was submitted to the jury as one of circumstantial evidence, and the jury was told to acquit if other persons had an opportunity or equal opportunity to have possessed the liquor to the exclusion of appellant and without his acting with others in such possession.

The evidence was before the jury and the court's charge properly submitted the law regarding the measure of proof required to show appellant's possession and control of the liquor. It was for the jury to say whether the evidence of Hammond's possession of the key and access to the storeroom was such as to

raise a reasonable doubt that he had equal opportunity to and did have possession thereof.

Under the facts here, appellant was not precluded from contending before the jury that the witness Hammond was in possession of the room and the liquor.

Art. 707, C.C.P., provides that the trial judge shall not, at any stage of the proceedings previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case.

The remarks of the trial judge wherein counsel was admonished that he would not be permitted to shift any blame on to the witness Hammond were in violation of Art. 707, C.C.P., in that the remarks were calculated to convey to the jury the trial judge's opinion of the case.

The judgment is reversed and the cause remanded.