**Bobby Wayne SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43738.**

Court of Criminal Appeals of Texas.

May 19, 1971.

Tom L. Zachry, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Bill A. Leonard, Jerry Loftin, Roger Crampton and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary with intent to commit theft. A prior conviction was alleged for enhancement under Article 62, Vernon's Ann.P.C. The punishment was assessed at twelve years.

The sufficiency of the evidence is not challenged. The record reflects that the appellant was arrested as he was leaving a doctor's office late at night after the building had been closed. He was wearing gloves at the time. The building was broken into without the owner's consent.

The appellant testified that he was driving by the building when he had car trouble and that he went into the building by pushing open the door that was ajar so that he could use a telephone. He also testified that he had been convicted for burglary with intent to commit theft in 1967.

The sole contention is that reversible error was committed during the summation by appellant's attorney at the penalty stage of the trial. The proof showed a prior conviction in 1967 for burglary with intent to commit theft. The court instructed the jury to determine if the appellant was the same person who was convicted of the prior offense alleged in the second paragraph of the indictment.

Appellant's counsel argued to the jury that they had a right to disregard that part of the charge and set the punishment between two to twelve years. The court then instructed counsel not to violate his instructions and that he had instructed the jury to make a finding and for counsel not to ask the jury to violate the instructions. An objection was made that the court's statements were a comment on the weight of the evidence. Counsel then argued if the jury did not believe that appellant was the person previously convicted they could set the punishment from two to twelve years.

We hold the court's instruction to counsel was proper because counsel may not ask the jury to disregard the law as submitted to them by the court. We also hold that the remarks of the court did not amount to a comment on the weight of the evidence. See Currie v. State, 102 Tex.Cr.R. 653, 279 S.W. 834.

No error has been shown; the judgment is affirmed.