John T. FLORIO, Appellant,

v.

STATE of Texas, State.

No. 2–81–025–C.R.

Court of Appeals of Texas, Fort Worth.

Dec. 23, 1981.

Tim Curry, Dist. Atty. and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellant.

Robert C. Roe, Jr., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

A jury found the appellant, John T. Florio, guilty of aggravated robbery. Upon hearing evidence of the appellant's record as to previous convictions the jury assessed punishment at 50 years in the Texas Department of Corrections.

We reverse and remand for retrial.

The appellant does not complain of there being insufficient evidence to support his conviction. His grounds of error relate to the actions of the trial court which allegedly prejudiced his right to a fair trial.

During voir dire this exchange took place:

"MR. ROE: Okay, Mr. Hahn, would you just, as a blanket rule, give more credibility to a police officer's testimony than you would a person who was not a police officer?

"MR. HAHN: If they were going against one another, I might tend to believe the police officer directly, you know. If one side said one thing and the other person said another, I would probably go with the police officer.

"MR. ROE: And that would be without seeing him yet, or knowing what he looks like and that sort of thing? You just feel that you would tend to—

"MR. HAHN: I would tend to—

"MR. ROE: Believe a police officer than you would a civilian?

"MR. HAHN: If they were disputing the same thing.

"MR. ROE: We challenge him for cause, also.

"MR. MOLINA: I don't think he's disqualified.

"THE COURT: I don't think he's disqualified. I think everybody feels that way. I'll overrule it.

"MR. ROE: I object. I would object to the Court's comment.

"THE COURT: Don't pay any attention to what I say. It's what he wants from me to tell you that, so I'll tell you that.

"MR. ROE: We'd ask for a mistrial, Your Honor.

"THE COURT: You're not going to get a mistrial."

The appellant asserts that the trial court committed reversible error by commenting on the weight of the evidence and thus violating V.A.C.C.P. art. 38.05 (1979). Article 38.05 reads as follows:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."

To constitute reversible error the comment or remark made by the trial court must be reasonably calculated to prejudice the rights of the accused. *Varela v. State*, 561 S.W.2d 186 (Tex.Crim.App.1978).

A study of the record reveals that, in the course of the trial, four law enforcement officers testified on behalf of the state. Much of their testimony went to identification evidence. After an oral confession was held to be admissible one of the law enforcement officers specifically denied having made an intimated "deal" with the appellant if he was cooperative.

The jury was to have been the sole judge of the weight and credibility of the testimony given by the law enforcement officers. Although the appellant produced no testimony refuting the testimony of the officers the jury should have been left to judge the weight and credibility of the testimony free from the influence of the trial judge. "Jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved." *Davis v. State*, 114 Tex.Cr.R. 72, 24 S.W.2d 417 (1929).

The manner in which the trial judge instructed the jury to disregard was insufficient to remove the taint on the minds of the jurors. They could but surmise that "everyone" included the judge (this definitely constituted a comment by him on the weight of the testimony). To compound the matter, the judge, in effect told the jury he was telling them to disregard the comment because the defense attorney wanted him to do so.

In view of the damaging nature of the testimony elicited from the law enforcement officers we hold that reversible error was committed.

We have considered the remaining points of error and find them to be without merit.

Reversed and remanded.