Olivia PATTERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–415–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 1, 1982.
Discretionary Review Refused June 23, 1982.

Leonard Roth, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a conviction for aggravated robbery. In addition to finding Appellant guilty, the jury found that Appellant had been twice before convicted of a felony, as alleged in the enhancement paragraph of the indictment. Therefore, in accordance with Tex.Penal Code Ann. § 12.42 (Vernon 1974) the court assessed punishment at imprisonment for life.

On May 6, 1980, Appellant approached the attendant at the pay window of a Phillips 66 station located at the corner of Scott and Blodgett in Houston, Texas. Appellant asked for a Mr. Pibb soft drink and then, when the attendant turned to hand him the drink, pointed a pistol at the attendant and demanded "all the money." The attendant handed Appellant a bank bag containing approximately $200.

Appellant presents five grounds of error, attacking as improper (1) the use of a prior inconsistent statement for impeachment purposes, (2) a portion of the prosecuting attorney's jury argument, (3) the trial court's written reply to a question from the jury, and (4) the trial court's inclusion of an allegedly unconstitutional statutory definition of "intentional" in the charge to the jury. We have considered and, for the reasons discussed below, overrule all grounds of error. We affirm the judgment of the trial court.

In his first two grounds of error, Appellant contends that the trial court committed reversible error by permitting the State to impeach a defense witness, Annette Lewis, by questioning her about a sworn statement which she had given to the police in the course of their investigation. Appellant argues that Annette Lewis's prior statement was not inconsistent with her trial testimony because the prior statement did not have reference to the offense for which Appellant was on trial, but had reference to an extraneous offense.

Annette Lewis testified at trial that she lived with Appellant as his common-law wife and that his brother, Frank Patterson, lived with them. She further testified that a brown bank bag, which had been identified at trial as the bank bag taken by the

robber from the scene of the robbery and subsequently discovered by the police at appellant's home, was brought into their home by Frank Patterson. On cross-examination the State questioned the witness about a sworn statement which she had given to the police in October of 1980, in which she said that "about two or three months ago" Appellant told her that he had robbed the station. The witness conceded that she had made the following statement:

> We didn't have any money for groceries so [Appellant] left the house and said he was going to get some money. He left the apartment; about 30 minutes later he came back and had $160.00 in a blue zipper bank bag and a brown purse. He told me he had robbed the station on the corner.

Because of differences in the time sequence and in the witness's descriptions of the bank bag, defense counsel argued at trial, as he does on appeal, that Annette Lewis's statement does not refer to the May robbery and could not be properly used for impeachment purposes.

 It is well settled that a witness can be impeached by a relevant, prior inconsistent statement. *Campos v. State*, 589 S.W.2d 424 (Tex.Cr.App.1979); *Huff v. State*, 576 S.W.2d 645 (Tex.Cr.App.1979). The rule of admissibility of evidence of this nature is liberally construed; the trial judge has discretion to receive evidence which holds the promise of exposing falsehood. *Campos v. State, supra.* The entire statement is not included in the record before us. The record does reveal, however, that the trial judge examined that statement, concluded that it referred to the offense for which Appellant was being tried, and, because Annette Lewis's trial testimony clearly implied that Appellant's brother Frank Patterson had robbed the station, overruled defense counsel's objection to its use for impeachment purposes. In light of the record before us, we see no error in the trial judge's conclusion that there is a conflict between the two expressions of Annette Lewis. In our opinion the witness's vague reference to an offense which had occurred approximately five months before as "two or three months ago" is not specific

enough to be conclusive. Our review of the record reveals that the police found more than one bank bag at Appellant's home, including a brown and a blue bank bag. According to testimony at the hearing on the defense's First Amended Motion for New Trial, the brown and blue bags were of different construction. In addition, we note that during trial the following exchange took place outside the hearing of the jury:

> THE COURT: ... I am going to limit his testimony to ask her if she didn't tell the police that he told her he robbed the Phillips Station at the corner of Blodgett and Scott. That is as far as I will let him go and he came back and had $160.00 in a blue zipper bank bag and a brown purse. I am going to let it in.
>
> [DEFENSE ATTORNEY]: We object strenuously to that. ... we object to any extraneous offenses being brought before this jury.
>
> THE COURT: I don't think this is an extraneous offense.... I think it is the same offense.
>
> [PROSECUTING ATTORNEY]: *Your Honor, this part of the paragraph also deals with how he asks for a Mr. Pibb and pulls a pistol.... I would want to impeach her on that part.*
>
> THE COURT: She hasn't been asked about that. Don't go into anymore than I told you to.

(Emphasis added). The trial judge not only limited the portion of the prior statement which the State could use, but also limited its use to impeachment, and cut off questioning in regard to the statement as soon as the witness admitted having made the statement. In our opinion no error is shown.

 In his third ground of error, Appellant contends that the trial court erred in overruling defense counsel's objection and allowing the State to argue at the close of the guilt-or-innocence stage of trial, as follows:

> People are always talking about crime in Houston, Harris County, Texas, and in the United States in general. And they think how bad it is, and it is bad. Some-

how, we have come to expect to go home at night and lock our dead-bolt and put our burglary bars up and make sure you park in a lighted area, and it's because of people like this defendant.... they are the reason that you walk a little quicker at night, that you look over your shoulder. People like this defendant control your lives.

A plea for law enforcement is a proper area of jury argument. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973); *Minafee v. State*, 482 S.W.2d 273 (Tex.Cr.App.1972); *Langham v. State*, 473 S.W.2d 515 (Tex.Cr. App.1971). In our opinion the argument is a proper plea for law enforcement.

■ In his fourth ground of error Appellant protests that the trial court made an erroneous comment on the evidence when, in the punishment stage of the trial, the court responded to a written question from the jury. The jury asked "When is a conviction final, with respect to that phrase in the charge to the jury?" The court responded in writing as follows:

In response to your second question, a conviction is final if a defendant is sentenced and, after ten days passes, no notice of appeal is given; finality is determined as of the date of the sentence. A conviction is final if a defendant is sentenced, after giving notice of appeal, the Court of Criminal Appeals issues a mandate affirming the defendant's convictions; finality is determined as of the date of the sentence.

Tex.Code Crim.Pro.Ann. art. 38.05 (Vernon 1979) prohibits a judge's commenting on the weight of the evidence or conveying to the jury his opinion of the case. To constitute reversible error, a comment by the court in violation of article 38.05 must be reasonably calculated to prejudice the defendant's rights or to benefit the State. *Marks v. State*, 617 S.W.2d 250 (Tex.Cr.App.1981). The court's explanation was in accord with the law. *See: Johnson v. State*, 583 S.W.2d 399 (Tex.Cr.App.1979). In our opinion the Court's response did not, as Appellant claims, inject new facts for the jury's consideration or constitute a comment on the weight of the evidence. Neither do we find that the Court's response served to benefit the State or injure Appellant. We overrule Appellant's fourth ground of error.

■ Finally, Appellant contends that the inclusion in the Court's charge of a definition of "intentional" which tracks the language of Section 6.03(a) of the Texas Penal Code requires reversal because that statutory definition is unconstitutional in that it shifts the burden on the issue of intent and relieves the State of proving that issue beyond a reasonable doubt. We disagree. Tex.Penal Code Ann. § 6.03(a) (Vernon 1974) provides as follows:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

In our opinion the statutory definition merely allows the jury to infer from evidence of a defendant's conduct or the result of that conduct that such conduct was intentional. *See and compare: Davis v. State*, 597 S.W.2d 358 (Tex.Cr.App.1980); *Bowers v. State*, 570 S.W.2d 929 (Tex.Cr. App.1978). "One's acts are generally reliable circumstantial evidence of his intent." *Phillips v. State*, 597 S.W.2d 929, 936 (Tex. Cr.App.1980). We hold that the statutory definition utilized in the Court's charge properly placed on the State the burden of proof on the issue of intent.

We affirm the judgment of the trial court.