John ECKERT, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–83–180–CR.

Court of Appeals of Texas,
Austin.

May 16, 1984.

Norman W. Barr, San Angelo (court-appointed), for appellant.

Dick Alcala, Dist. Atty., Michael Berg, Asst. Dist. Atty., San Angelo, for appellee.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

EARL W. SMITH, Justice.

John Eckert, in a consolidated jury trial, was adjudged guilty of the offenses of rape of a child and aggravated rape, respectively. The jury assessed punishment for rape of a child at twenty years, and for aggravated rape at sixty years. Separate appeals were perfected by each of appellant's attorneys. Since the assignments of error arise out of the same trial occurrence, both cases are consolidated in this opinion. The judgment of the trial court in each case is affirmed.

The assignment of error in the aggravated rape case is that the trial judge's comment on the argument of Eckert's counsel (Johnson) constituted reversible error. Eckert argues that the court accused his counsel of deceit in the presence of the jury and that the court injected unsworn testimony from the bench, both of which were calculated to convey his opinion of the case to the jury.

In the rape of a child case, the assignments of error are that the trial court erred in commenting on the evidence or in discussing certain facts not in evidence during the punishment phase, in violation of Tex. Code Cr.P.Ann. art. 38.05 (1979); and that the court erred in failing to grant a motion for mistrial made after said comment.

The assignments of error in both cases are based upon the following occurrence during the punishment phase of the trial when the attorney for Eckert in the aggravated rape case was arguing for a probated sentence:

But if probation is to be considered or to be granted it can't be for in excess of ten years in either one of these cases.

But let's say—let me use for an example now just any Defendant. If a Defendant is given ten years probation in a case, . . . he would be ordered to comply by these terms. And he violates—let's say he's been on probation for nine and a half years. He has six months to go on probation. He's been reporting, been paying his probation fees, he's been supporting his dependents, he's been working faithfully at suitable employment, he's not doing anything wrong, he's staying away from people with bad reputations, doing perfect. And then he goes down and gets a DWI, with six months to go on his probation and he'd be off, or he gets a speeding ticket as far as that's concerned, it's a violation of the probation. Because it says: "Commit no offense against the laws of this State..." and speeding is a State law. He can be brought back into this Court by the District Attorney's office. And if the Judge finds that there's been a violation of the terms of the probation, any of these terms—but I just picked out one, such as a violation of the laws—he can be brought back in here, the Judge would have a hearing without the benefit of a jury, and if the Judge determines that he did, in fact, violate the terms of his probation, he would go to the penitentiary for ten years. Not for just the six months that's left, but for the whole ten years. So in effect, a ten year sentence can turn into a twenty year sentence. He'd have up to ten years—one day before the tenth year's up—he would be on probation—and if he does something wrong and is brought into this Court, then he could be sentenced to another ten years in the penitentiary. So it could be twenty years, if he's given ten years probation.

What happens to you or me if I violate the law? Well, it depends on what law we violate. But if you get a DWI or if you get a speeding ticket we can go pay a fine. Or if we get arrested for writing

a hot check maybe ... you know, we can go pay off the check, and maybe go to a check writing school and they'll let us go. Or ... you know, nothing's going to really bad happen to us.

But look what would happen to John Eckert if he does anything wrong. *You know, you can open a package of cigarettes and not break that State seal that's on there and that's a violation of the law.*

THE COURT: All right, Mr. Johnson. I—

MR. JOHNSON: Yes, sir.

THE COURT: Now, if you're inferring to a jury that probation can be revoked for—that any Court has ever revoked probation ... I think that argument is improper for the jury—

MR. JOHNSON: All right, sir.

THE COURT: And I'm going to tell the jury not to consider the breaking of a pack of cigarettes on the seal.

MR. JOHNSON: Your Honor, we would object to the Court's comments—

THE COURT: You may object to it. You may object to it, but that's—

MR. JOHNSON: Okay.

After completion of counsel's argument, the court instructed the jury as follows:

THE COURT: Ladies and Gentlemen of the jury, I interrupted Mr. Johnson, and let me explain my interruption to you. The law is as is set out in the charge, and it is correct that those are the conditions of probation. My interruption of Mr. Johnson was occasioned by his argument to you that if a man— not necessarily this Defendant—if a man broke the pack of cigarettes and broke the stamps on that that he could get probation. That was a bad example, is a bad example, and I instruct you that any Judge who would revoke a probation for that particular offense would get reversed by an Appellate Court as an abuse of discretion. That is the only comment I have on it and the rest of the argument you take Mr. Johnson at full value.

MR. JOHNSON: You Honor, we would object to the Court's comment.

THE COURT: You may object. You have it in the record.

Following the State's closing argument, and after the jury retired, counsel for Eckert moved for a mistrial on the following grounds:

[T]he Court erred and committed reversible error in interpreting the argument of the Defendant's Counsel and by commenting on the law—or improperly commenting on the law, and presupposing and anticipating what a Trial Court's [sic] or Appellate Court might do under certain circumstances with reference to probation or the revoking thereof; that same was calculated to inflame and prejudice the jurors against returning a verdict of probation in both causes. And that same was improper comment and not the proper law and was not set out in the Court's Charge, all being in error, for which Defendant here asks that a Mistrial be granted—Defendant in both causes asks that a Mistrial be granted.

Excuse me just a minute. That—in other grounds—that same was also in violation of the written Court's instructions to the jury in the Court's Charge on punishment in both cases.

Respectfully submitted, Jerry Johnson.

THE COURT: Motion for Mistrial is overruled. The Judge qualifies your bill with the following:

The argument made was reprehensible on the part of Counsel, was calculated to mislead the jury in that the specific example used was that if this Defendant broke the tax stamp on a cigarette [package] his probation would be revoked.

MR. JOHNSON: Failed to. That it was a violation of State law, Your Honor, and could be revoked.

THE COURT: All right ... could be revoked.

MR. JOHNSON: Yes, sir.

THE COURT: That that argument was not made in good faith, Mr. Johnson, was reprehensible, was designed to mislead this jury. And the remarks of the

Court were merely to instruct the jury that if a revocation was made on that ground, that any Appellate Court would call that abuse of discretion and would reverse the Trial Court.

You have your bill.

MR. JOHNSON: Thank you. Could the record reflect that those comments by the Court and Defense Attorney were made outside the presence of the jury, after they retired?

THE COURT: I'm sure they will.

■ Attorney Johnson argues that possession of previously used cigarette stamps with the intent to re-use is a felony under the Tax Code and that "since intent can be inferred from circumstantial evidence, it is conceivable that one on probation might *innocently* open a package of cigarettes so as to circumstantially indicate intent to commit a felony.... It is conceivable then [sic] an individual's probation could be revoked because ... he improperly opened a pack of cigarettes." He cites no law or authority that one must destroy the stamps when opening the pack—nor have we found any such law. Such legal argument is totally without merit.

■ It is well settled that both the State and the accused are entitled to discuss facts admitted into evidence and to give reasonable explanations of the law. Each side is entitled to explain a legal concept as long as the example given by counsel does not constitute a statement of the law contrary to that in the charge. *Wilder v. State*, 583 S.W.2d 349, 362 (Tex.Cr.App. 1979); *Provost v. State*, 631 S.W.2d 173, 176 (Tex.App.1981, pet. ref'd).

■ But *no* party has a right to bring before the jury a matter of either law or fact for the purpose of causing them to rebel against the law and refuse to follow it. *Toone v. State*, 144 Tex.Cr.R. 98, 161 S.W.2d 90, 92 (1942). Nor can the State or defendant make a statement of what purports to be the law when same is not contained in the court's charge. To do so is improper argument. *Cook v. State*, 540 S.W.2d 708, 710 (Tex.Cr.App.1976). Any

argument which contains a statement of law contrary to the court's charge is erroneous. *Lincoln v. State*, 508 S.W.2d 635, 638 (Tex.Cr.App.1974).

■ The trial court should assume the responsibility for preventing improper arguments to the jury. For example, where the accused was charged with robbery, the prosecuting attorney argued "I will reiterate that I'm very grateful I don't have to make my living representing a man who first set up the robbery...." *Bray v. State*, 478 S.W.2d 89, 90 (Tex.Cr.App.1972). In reversing the case for such argument, the Court stated:

Trial courts should assume the responsibility of preventing this type of argument. A rebuke by the trial court in the presence of the jury may do more to end the practice of intemperate and improper argument than repeated admonitions or even reversals.

*Id.* The same rules apply to both State and defense counsel. Neither is at liberty to misstate the law. It has often been held that error in argument does not lie in going beyond the court's charge, but in stating law contrary to the same. *Mauldin v. State*, 628 S.W.2d 793, 795 (Tex.Cr.App. 1982); *Nolan v. State*, 624 S.W.2d 721, 725 (Tex.App.1981, no pet.).

■ The trial court should promptly suppress illegitimate argument based on facts not introduced in evidence. *Cannon v. State*, 84 Tex.Cr.R. 479, 208 S.W. 660, 662 (1919). Thus, in a prosecution for murder growing out of the wrecking of a train, where defense counsel argued that the railroad was backing the prosecution in order to avoid liability for damage suits, such argument was held to be properly disapproved by the trial court. *Johnson v. State*, 97 Tex.Cr.R. 658, 263 S.W. 924, 925 (1924). The Court of Criminal Appeals noted that "[T]his being true, it was not error to instruct such attorney to desist from arguing such fact." *Id.* The trial court, in regard to the latitude allowable to argument of counsel, is vested with a large discretion, which will only be reversed when obviously abused. *Hall v. State*, 58

Tex.Cr.R. 512, 126 S.W. 573 (1910). The court properly may instruct the jury not to consider matters inadvertently or intentionally brought to their attention by counsel in argument. *Campbell v. State*, 62 Tex. Cr.R. 561, 138 S.W. 607, 609 (1911). In *Reeves v. State*, 34 Tex.Cr.R. 483, 31 S.W. 382, 385 (1895), the Court, though reversing for failure to permit reading and arguing the law as submitted, said:

> If the counsel in this case were making improper or baseless legal arguments to the court, it might have been the duty of the court, if deemed proper, to *arrest* the argument; or, if counsel were applying fallacious propositions of law to the facts of the case before the jury, *to admonish the counsel that such was not the law*, or was not applicable to the facts of the case."

(emphasis added). In *Martin v. State*, 41 S.W. 620, 621 (Tex.Cr.App.1897), the Court held that it is proper for the trial judge to charge the jury that they are bound to receive the law from the court, independent of any law read in their hearing by the attorneys in the case.

In *Luke v. City of El Paso*, 60 S.W. 363, 364 (Tex.Civ.App.1900, no writ), counsel read to the court, before the jury, excerpts from *Greenleaf on Evidence*. After the jury retired, it came back into court and asked if they could consider the law as read by counsel. The court replied "You will not consider any authorities that have been read to the court by council [sic] in your hearing, nor any statement of the law made by counsel to the court in your hearing." *Id.* Defense counsel objected. The court followed with a written charge to the same effect. Appellant contended that she was prejudiced by the proceedings. The appellate court held:

> To allow the propositions of appellant to prevail, it would be necessary to hold that a section read from a text-book should be considered by a jury, although the law it contains was not embodied in the charge of the court .... To allow authorities to be read in the presence of juries, and *to permit them to take such authorities as the rule to guide them in*

*arriving at a verdict, would render the giving of charges farcical, and place the jury in county and district courts in the same position they occupy in justices' courts,—judges of both law and the evidence.*

*Id.* at 364–5 (emphasis added). Logic demands that the same be said of any misstatement of the law made by counsel to the jury.

■ Most of the recent cases quite naturally have to do with misconduct of the prosecutor. This is so because the State has no right of appeal. In *Beasley v. State*, 97 Tex.Cr.R. 36, 259 S.W. 567, 570 (1924), the defense counsel, in his argument to the jury, referred to his personal knowledge of the honesty and truthfulness of one of the witnesses and referred to some of the jurors' knowledge of such [a practice which the Court of Criminal Appeals has held to be reversible error if engaged in by the prosecuting attorney]. The Court of Criminal Appeals held that the trial court did not err in *interrupting* counsel's argument and instructing the jury that they must not consider any remarks by counsel that were not a discussion of the evidence in the case. The Court stated:

> The state is powerless to preserve [on appeal] erroneous arguments ... by bill of exceptions, and unless the trial court in a proper case does in some manner call attention to the inappropriate argument, same might be made and the state be without remedy.

*Id.* 259 S.W. at 570. So, where the court had determined not to submit the issue of self-defense to the jury, it was not improper to inform counsel for the accused, arguing in support of self-defense, that the issue would *not* be submitted. *Burton v. State*, 148 S.W. 805, 808 (Tex.Cr.App.1912).

The older, well reasoned authorities find support in more recent authorities. In *Lerma v. State*, 632 S.W.2d 893, 895 (Tex.App. 1982, pet. ref'd), the court held: "It is not improper for the trial court to challenge an incorrect statement of the law made by counsel during argument." In a prosecu-

tion for murder, where counsel for the accused asked a question of a witness that the trial court had specifically directed him not to ask, and the trial court fined counsel for contempt of court and reprimanded him, such action by the court in the presence of the jury was held not to be prejudicial. *Burris v. State*, 161 Tex.Cr.R. 210, 276 S.W.2d 260, 263 (1953). The trial judge, in *Darnell v. State*, 477 S.W.2d 281, 283 (Tex.Cr.App.1972), during *voir dire* examination by defense counsel, instructed him "to put reasonable in front of doubt when he asks qualification questions with regard to whether or not you would acquit the defendant if you have in your mind a reasonable doubt as to his guilt." Counsel objected to the court's instruction, and the court repeated same. The court's action was held to be proper admonishment.

In *Smith v. State*, 466 S.W.2d 768, 769 (Tex.Cr.App.1971) the jury was required to find, in the court's charge on punishment, whether the defendant was the same person who had been previously convicted as alleged in the enhancement paragraph of the indictment. The attorney for the defendant argued to the jury that they had a right to disregard such instruction and set punishment within the range prescribed for the primary offense. The trial court stated that he had instructed the jury to make the finding and that defense counsel should not ask the jury to violate the instruction. Counsel objected that the court's remarks were a comment on the evidence. The Court of Criminal Appeals, in holding that the instruction by the trial judge was not a comment on the evidence, and was not improper, said: "[C]ounsel may not ask the jury to disregard the law as submitted to them by the court." *Id.*

As we turn to a discussion of the cases cited in the briefs filed by both of appellant's attorneys, it is to be remembered that the trial court's remarks in the instant case were made to correct a *misstatement of the law* by counsel for appellant.

In *Kincade v. State*, 552 S.W.2d 832, 835 (Tex.Cr.App.1977), the record shows that the trial court *methodically* castigated appellant's counsel for "misleading" and "deceiving" the court and jury. The trial court's accusation, in the presence of the jury, of *deceit* by counsel in presenting his client's defense was reasonably calculated to prejudice the jury against the defendant. Moreover, the trial judge, sua sponte, offered into evidence the court's records bearing upon an issue in the case.

*Florio v. State*, 626 S.W.2d 189 (Tex. App.1981, no pet.) involved comments made by the court during *voir dire* examination. Counsel for defendant asked a prospective juror "Would you, as a blanket rule, give more credibility to a police officer's testimony than you would a person who was not a police officer?" *Id.* The juror answered that he probably would. In overruling a challenge for cause, the trial judge commented "I don't think he's disqualified. *I think everybody* feels that way." *Id.* at 190 (emphasis added). On objection, the judge was held to have compounded his error by, in effect, telling the jury that he was instructing them to disregard his comment because the defense attorney wanted him to.

*Smith v. State*, 595 S.W.2d 120, 123 (Tex. Cr.App.1980); *Howard v. State*, 420 S.W.2d 706, 707 (Tex.Cr.App.1967); and *Hackney v. State*, 634 S.W.2d 337, 338 (Tex.App. 1982, pet. ref'd) are all inapposite. In each of those cases, the remarks of the court were held to not be of such a nature that would benefit the State or prejudice the defendant; thus, no reversible error was shown. In *Carrillo v. State*, 591 S.W.2d 876, 893 (Tex.Cr.App.1979) the attorney for defendant was pursuing a wholly irrelevant line of questioning, at which time the following occurred:

THE COURT: Oh, Counsel, move on, for Pete's sake.

[COUNSEL]: May we approach the bench?

THE COURT: You may at recess.

[COUNSEL]: We would like to now.

THE COURT: This is getting to be a *farce.* Sit down please.

[COUNSEL]: If the Court please—

THE COURT: If I have to call an officer, I will. Sit down.

Counsel's motion for a mistrial, based on the "farce" comment, was denied. The Court held that the remarks in question were no more than an unguarded response to counsel's insistence on pursuing the line of questioning and that the record did not warrant the conclusion that the comment was calculated to benefit the State or prejudice the appellant.

In *McClory v. State*, 510 S.W.2d 932, 933 (Tex.Cr.App.1974), the prosecuting attorney argued, as to the charge on self-defense, that "simply because this is in the charge that doesn't mean the judge believes it; its in there because the Defendant raised that issue—." Defense counsel objected to the prosecutor's saying "what the Judge believes about anything." *Id.* The court said "He didn't say *I did; he said I didn't.* Overruled." *Id.* (emphasis added). The Court held that from the quoted words of the court, the jury could logically surmise that the court did not believe appellant's defensive issue, but that self-defense was submitted only because the defendant raised it, and that the court committed prejudicial error. *Id.* at 934.

In *Wood v. State*, 160 Tex.Cr.R. 535, 272 S.W.2d 730, 732 (1954), a circumstantial evidence possession of liquor case, the jury *was told to acquit appellant if other persons had an opportunity, or equal opportunity, to have possessed the liquor to the exclusion of the appellant.* A witness who testified for the State and the defense admitted that he had a key to the locked storage room where the liquor was found. Defense counsel's argument was based on the court's charge and was to the effect that the State's witness was the one person who had a key to the room and that the witness, rather than appellant, should have been the defendant in the case. Objection was made by the State that defendant was impeaching his own witness. In sustaining the objection, the court instructed the jury that the defendant had vouched for the credibility of the witness and instructed defense counsel to refrain from attempting to impeach or shift any blame to the witness. In reviewing the cause, the Court held that the remarks of the trial court were calculated to convey to the jury the trial court's opinion of the case.

*Ward v. State*, 156 Tex.Cr.R. 472, 243 S.W.2d 695, 696 (1951) involved obviously impermissible direct comments by the court on issues in the case.

■ In *Patterson v. State*, 632 S.W.2d 809, 812 (Tex.App.1982, pet. ref'd), at the punishment phase of the trial, the jury's written question to the court asked "When is a conviction final, with respect to that phrase in the charge to the jury?" *Id.* The court, in writing, responded:

> [A] conviction is final if a defendant is sentenced and, after ten days passes, no notice of appeal is given; finality is determined as of the date of the sentence. A conviction is final if a defendant is sentenced, after giving notice of appeal, the Court of Criminal Appeals issues a mandate affirming the defendant's convictions; finality is determined as of the date of the sentence.

*Id.* The appellant contended that the trial court erroneously commented on the evidence. In overruling such contention, the court held:

> Tex.Code Crim.Pro.Ann. art. 38.05 (Vernon 1979) prohibits a judge's commenting on the weight of the evidence or conveying to the jury his opinion of the case. To constitute reversible error, a comment by the court in violation of article 38.05 must be reasonably calculated to prejudice the defendant's rights or to benefit the State. *Marks v. State*, 617 S.W.2d 250 (Tex.Cr.App.1981). The Court's explanation was in accord with the law. [citation omitted]. In our opinion, the Court's response did not, as Appellant claims, inject new facts for the jury's consideration, or constitute a comment on the weight of the evidence. Neither do we find that the Court's response served to benefit the State or injure Appellant.

In the instant case, the appellant made no motion asking the court to instruct the jury

to disregard his remarks. Appellant cites *Marks v. State*, 617 S.W.2d 250 (Tex.Cr. App.1981). *Marks* is inapposite. Rather, it supports our decision in holding that:

It is well established that a jury instruction by the judge to disregard any comments made by him is generally sufficient to cure the error, if any. [citation omitted]; *Hernandez v. State*, 507 S.W.2d 209 (Tex.Cr.App.1974).... The appellant made no motion for a jury instruction to disregard, but moved *immediately to a motion for mistrial.* [As did the appellant in this case]. The error, if any, was not so egregious that its effect could not have been removed by a timely jury instruction to disregard.

*Id.* at 252 (emphasis added). Thus, none of appellant's authorities support his position here. It is clear that counsel, in his argument for probation, misstated the law by contending that probation could be revoked for opening a pack of cigarettes without breaking the stamp thereon. The trial court simply corrected the misstatement which was proper. Without objection or any restraint by the court, counsel continued to argue that the condition of probation to "commit no offense against the laws of this State" meant:

Hot checks, whatever.... *Any State law.* And there are numerous State laws. Failure to yield the right of way is a State law. Improper lane change can be a State law. I'm using wild examples I know, but these are things I would like for you to consider. *Any State law* Any—if John Eckert goes out and violates the law, if he's given probation of any kind, that's probably it for him. He's going for whatever term of years he might be on ... if you see fit to give him probation.

We agree with counsel that he was using "wild examples," the wildest of which was the cigarette package example. In *Henderson v. State*, 593 S.W.2d 954, 957–8 (Tex.Cr.App.1980), the appellant contended that the trial court erred in refusing to give his requested charge concerning the law *governing revocation of probation.* In rejecting such contention, the Court held:

Understandably, appellant cites no authority for the position now espoused and our research has not disclosed a similar contention having been made to this Court. The simple answer to appellant's present argument *in that it was of no concern of the jury what might happen to appellant should he violate the terms of his probation* after it had been granted by the jury. *That was* a matter *for the trial court* to determine after such violation had been charged and established in a separate hearing.

*Id.* at 958 (emphasis added). We hold that counsel was extended full leeway in arguing probation to the jury—short of the misstatement of the law.

We hold that the remarks of the trial court did not accuse appellant's attorney of deceit, did not constitute the giving of unsworn testimony, were not comments on the evidence, and were not calculated to convey the court's opinion of the case to the jury. We hold, further, that such remarks cannot be construed as being reasonably calculated to prejudice the defendant's rights or to benefit the State. In sum, what right does any attorney have to misstate the law to the jury? None.

The judgment of the trial court in each cause is affirmed.