In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00228-CR
______________________________


MICHAEL D. LEWIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 265th Judicial District Court
Dallas County, Texas
Trial Court No. F03-62977-R


                                                 



Before Morriss, C.J., Carter and Cornelius,* JJ.
Opinion by Justice Cornelius
Concurring Opinion by Justice Carter
*William J. Cornelius, C.J., Retired, Sitting by Assignment


O P I N I O N

          Michael D. Lewis was charged with aggravated robbery. He was tried by a jury,
which convicted him of the lesser included offense of robbery. His punishment, enhanced
by prior convictions, was set by the jury at thirty years' confinement.
          Lewis does not challenge the sufficiency of the evidence. His only contention on
appeal is that the trial court reversibly erred in sustaining the State's objection to a
statement made by defense counsel at final argument. We overrule this contention and
affirm the judgment.
          Lewis was indicted for aggravated robbery by stealing a motor vehicle while using
a deadly weapon, "to-wit: a knife and unknown object, the exact nature and description
of which is unknown to the Grand Jurors, . . . ." At trial, the State produced the foreman
of the grand jury, who testified that the grand jurors could not determine the nature of the
weapon. The defense counsel cross-examined the foreman, and questioned him as
follows:
QBut how many people are on a Grand Jury?
 
AThere are twelve standing jurors, and I believe two alternates.
 
QOkay. And isn't it true that the primary purpose of the Grand
Jury is just to determine whether or not there is probable cause to hold the
defendant over for trial?

                     A        Yes.
 
QAnd probable cause can be just the complaining witness saying
that it happened and you believe him?

                     A        Correct.

                     . . . .
 
QAnd you make or you and the Grand Jury make your
determination based on the testimony. It can be just one witness; is that
correct?

                     A        That's correct.
 
QAnd in this case the only witness that testified at the Grand Jury
was a police officer?

                     A        That's correct.
 
QAnd in fact Mr. Pleasant did not come and testify for himself,
did he?

                     A        Did not.

          Later, at final argument, defense counsel made the following statement:
Now, let's look at David Dial who came in here who was foreman of
the grand jury. I submit to you it's not very often that the foreman of the
grand jury comes in to testify. But he testified that they could not determine
-- that they determined the weapon was unknown. And he also testified
because the grand jury is very important to the victims. That's when they
come to get to testify so that this person will have to go to trial. Mr. Pleasant
didn't even show up to the grand jury.
 
[Prosecutor]: Judge, I'm going to object to that as improper. 
I'm going to object to that as improper argument. It's outside the testimony.

                                THE COURT: Sustain the objection.

 

[Prosecutor]: Ask the jury be instructed to disregard that. 

                                THE COURT: The jury will disregard the last comment.

          Lewis argues that the trial court's action in sustaining the State's objection in this
instance was harmful error because (1) it constituted a violation of his Sixth Amendment
right to effective counsel, (2) it was a strike at him over the shoulders of his counsel, (3) it
was an improper comment on the evidence by the trial court, and (4) it improperly restricted
his counsel's valid argument to the jury. We reject this contention.
          Lewis construes the trial court's action as a ruling that defense counsel's statement
that Charles Pleasant failed to testify before the grand jury was improper. He posits that,
since testimony to that effect had already been given and received in evidence earlier in
the trial without objection, it was a part of the evidence and his counsel had a right to
discuss it in argument.
          Considering the entire context of the cross-examination, the argument, and the
objection, we hold that the trial court's ruling may be upheld on the ground that the court
was preventing defense counsel from embarking on a discussion dealing with what
transpired before the grand jury. It seems that defense counsel's intent was to raise the
inference that the complainant really did not want to press charges against Lewis, and was
reluctant to testify before the grand jury for that or some other reason. Such a tack by
defense counsel was coming dangerously close to revealing the proceedings of the grand
jury, particularly the quantity and quality of the testimony before it, and the trial court was
within its discretion in taking a pre-emptive step to prevent compromising the grand jury
proceedings. In this we believe the trial court was acting within its broad discretion and did
not abuse that discretion.
          It is true that the trial court had previously allowed the foreman of the grand jury to
testify that Pleasant did not appear and that only one witness, a police officer, did testify
before the grand jury. But there was no objection to that testimony, and defense counsel
did not pursue the matter any further until argument. It seems the trial court was more
wary when defense counsel began arguing to the trial jury about the purpose and extent
of the grand jury proceedings, and took this action to prevent any further exploration of the
grand jury proceedings.
          The trial court has broad discretion, and indeed is required, to take all necessary
steps to ensure that the proceedings before the grand jury remain secret, except in those
specific instances where the law permits or requires that they be revealed. Tex. Code
Crim. Proc. Ann. art. 20.02 (Vernon Supp. 2004); McManus v. State, 591 S.W.2d 505
(Tex. Crim. App. 1979), overruled on other grounds, Reed v. State, 744 S.W.2d 112 (Tex.
Crim. App. 1988); Legate v. State, 52 S.W.3d 797, 803–04 (Tex. App.—San Antonio 2001,
pet. ref'd); Stern v. State ex rel. Ansel, 869 S.W.2d 614, 628–29 (Tex. App.—Houston
[14th Dist.] 1994, pet. denied).
          The trial court's ruling did not deprive Lewis of effective representation of counsel. 
His counsel made a thorough and able argument covering every aspect of the State's case
and the defense, except as to what transpired before the grand jury. She was not entitled
to discuss that.
          The trial court's action did not amount to striking at Lewis over his counsel's
shoulders. The court's ruling on the propriety or admissibility of evidence or argument does
not constitute a personal attack on Lewis or his counsel unless it is accompanied by some
hint of impropriety or personal condemnation. There was none of that here.
          And the trial court's action was not an improper comment on the weight of the
evidence. To constitute such a prohibited comment, the court's action must give the jury
the impression that the court has an opinion about the case or believes some particular
evidence is true or untrue. Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). If a
mere ruling on an objection to evidence or argument without any further comment by the
trial court constitutes an improper comment on the evidence, the trial court could not rule
on any of the issues arising during the trial. See Smith v. State, 595 S.W.2d 120 (Tex.
Crim. App. [Panel Op.] 1980). 
          We also reject the contention that the trial court's action improperly restricted
defense counsel's argument. The trial court has the duty to sustain objections to argument
when the argument violates some rule or statute. Bray v. State, 478 S.W.2d 89 (Tex. Crim.
App. 1972); Eckert v. State, 672 S.W.2d 600 (Tex. App.—Austin 1984, pet. ref'd). Such
rulings do not improperly restrict the right of argument. An attorney has no right to engage
in improper argument.
          If it can be considered that the trial court's action in this matter was error, we
conclude it was harmless beyond a reasonable doubt. By either the constitutional standard
or the traditional standard of harm analysis, the trial court's action neither violated any of
Lewis' substantial rights, nor in any way contributed to the conviction or the punishment. 
Tex. R. App.P. 44.2(a), (b).
          The complainant, Pleasant, testified extensively and unequivocally that Lewis
approached him in his automobile outside a convenience store, engaged him in
conversation, put something "cold" to his throat, said he had a gun, and took Pleasant's
vehicle. Later that night, police saw Lewis driving the vehicle and turned around to follow
him. Lewis left the vehicle and fled on foot, but was apprehended shortly thereafter. 
Police found two items of Pleasant's property, which had been in Pleasant's vehicle, on
Lewis when he was apprehended. Lewis testified and said another man had taken
Pleasant's vehicle and later gave him the keys so he could drive it. Lewis voluntarily
admitted to the jury that he had been convicted previously of six felonies and had been in
the penitentiary several times for burglary and other offenses. He also admitted that he
was a parole violator when he was apprehended for this offense. Despite this evidence,
the jury set Lewis' punishment at only thirty years' confinement, near the minimum for the
offense, which could have justified a life sentence. Considering all of this evidence, we
conclude beyond a reasonable doubt that the trial court's action in this regard made no
contribution to Lewis' conviction or punishment, and it did not deprive Lewis of any
substantial right.
          For all the stated reasons, we affirm the trial court's judgment.
 
                                                                           William J. Cornelius*
                                                                           Justice

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


CONCURRING OPINION

          Since the grand jury foreman stated that Mr. Pleasant did not appear before the
grand jury, I believe defense counsel should have been allowed to argue that to the jury. 
Consequently, it is my view that the trial court erred in sustaining the State's objection to
the argument. I agree, for all the reasons set out in the majority opinion, that such error
was harmless.
 
                                                                           Jack Carter
                                                                           Justice

Date Submitted:      March 17, 2004
Date Decided:         July 7, 2004

Do Not Publish