

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00164-CR

_____

PARRIN HAYES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 299th District Court
Travis County, Texas
Trial Court No. D-1-DC-14-204586

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

An Austin[1] police officer arrested Parrin Hayes after witnessing him selling crack cocaine out of a cigarette pack outside of the Austin Resource Center for the Homeless. At his trial, Christopher Kiyak, a senior forensic scientist with the Austin Police Department (APD), confirmed that the substance retrieved from the cigarette pack was cocaine and that it weighted 1.98 grams. A jury convicted Hayes for possessing, with intent to deliver, more than one, but less than four, grams of cocaine in a drug-free zone.[2] After Hayes pled true to two of the State's enhancement allegations, the trial court sentenced him to thirty years' imprisonment.

On appeal, Hayes argues that the trial court abused its discretion when it denied his request for funds to hire an independent expert to review Kiyak's work product and to retest the alleged controlled substance. Hayes also argues that the trial court erred in (1) denying a jury instruction requiring the jury to attribute a mens rea to the drug-free-zone allegation and (2) in limiting closing argument designed to attack the State's proof that Hayes knew he was in a drug-free zone.

We hold that Hayes failed to demonstrate the existence of a significant issue of fact that required testimony from an independent chemist. Consequently, we find that the trial court did not abuse its discretion in denying Hayes' request for funding to hire an independent chemist. We also conclude that, because the State was not required to prove Hayes knew he was in a drug-free

---

[1]Originally appealed to the Third Court of Appeals in Austin, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The officer testified that the center for the homeless was approximately 570 feet from St. David's Episcopal Day School.

zone, the trial court did not err in denying Hayes' requested jury instruction or in limiting his closing argument. We overrule Hayes' points of error and affirm the trial court's judgment.

## I. Hayes Failed to Demonstrate His Entitlement to Funds for a Court-Appointed Chemist

Hayes filed a written motion for independent examination of drug evidence asking the trial court for $1,200.00 to be paid to Rocky Mountain Instrumental Laboratories in Fort Collins, Colorado, so that the substance in the cigarette pack could be retested by an independent chemist. (CR29). Hayes also requested funding for an independent review of Kiyak's work product. The trial court denied Hayes' requests. We review the trial court's decision for an abuse of discretion using the guidance provided by the Texas Court of Criminal Appeals' recent decision in *Ehrke v. State*, 459 S.W.3d 606, 617 (Tex. Crim. App. 2015).

*Ehrke* held that, because "[t]he right to pay for an independent chemist to analyze the controlled substance in a controlled-substance case is absolute," "the trial court is required to permit a defendant in a controlled-substance case to have an independent expert analyze the controlled substance." *Id.* at 610, 614. However, it also held that, "while a defendant has an absolute right to inspect the alleged controlled substance, a defendant does not have an absolute right to a state-appointed expert." *Id.* at 615. In other words, "the state does not need to 'purchase for the indigent defendant all the assistance that his wealthier counterpart might buy.'" *Id.* at 614 (quoting *Ake v. Oklahoma*, 470 U.S. 68, 77 (1984)). Thus, "the trial court is not required to appoint such an expert for an indigent defendant, absent a preliminary showing of a significant issue of fact." *Id.* at 610. Here, we examine whether Hayes met his "burden . . . to provide concrete reasons for why the expert should be appointed." *Id.* at 615.

Hayes' written motion provided no reason for why the substance in the cigarette pack should be retested. His written motion also did not state why an independent expert was needed in order to review Kiyak's work product. Hayes attempted to explain the need for the trial court to provide funding for an independent expert at a pretrial hearing, which prompted the following discussion:

> [BY DEFENSE COUNSEL]: There's an article in the Austin American Statesman back in January of 2012[3] in which a former APD crime lab employee left and made claims that there was, in fact, what's called dry-labbing at the APD lab. And dry-labbing, for the benefit of the Court, is the practice in which an analyst will fake doing the actual lab work. I don't believe that's been resolved. I believe that does raise suspicions that the APD lab might, in fact, not follow its procedures.
> Secondly, more importantly --
>
> THE COURT: She left -- she left APD, though, in 2012, right?
>
> [BY DEFENSE COUNSEL]: Correct, Judge. I don't believe that's ever --
>
> THE COURT: And this offense happened in 2014, so we don't have any reason to believe that she knows what the current practices are when these drugs were tested, right?
>
> [BY THE STATE]: That's correct.
>
> [BY DEFENSE COUNSEL]: And we have no reason to know whether or not they've changed their policies, Judge. The point is that she's raised the concern that APD might not follow their procedures, and I think that's sufficient at least for us to be concerned about. It could be a sufficient showing. *Ehrke* doesn't say what the specific showing is. It's just enough there to warrant an inquiry into it.

Noting that *Ehrke* required a defendant "to make a preliminary showing of a material issue sufficient to require the court to appoint an independent expert to verify the weight and composition of the alleged controlled substance," the trial court postponed a ruling and scheduled

---

[3]Hayes never introduced any article into evidence. He also failed to support his argument with testimony, affidavits, or other evidence.

4

another hearing after two weeks to allow Hayes to gather more facts to meet his burden. *Id.* at 616.

At the second hearing, Hayes informed the trial court that he was unable to find "further complaints about APD's lab." However, Hayes argued that he was concerned about a discrepancy between the police officer's report, which reported 2.31 grams as the weight of the cocaine, and Kiyak's conclusion that the substance weighed only 1.98 grams.[4] Based on the discrepancy in weight, Hayes stated that he "would like to have the work product and have that reviewed . . . to see if there is maybe some problem there."

Only after "the defendant makes a sufficient threshold showing of the need for expert assistance on a particular issue" is the defendant entitled to expert assistance. *Ex parte Jimenez*, 364 S.W.3d 866, 877 (Tex. Crim. App. 2012). This showing must be more than "undeveloped assertions that the requested assistance would be beneficial." *Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985). In *Ehrke*, the defendant requested an independent inspection in order to verify that the controlled substance he was allegedly caught with was actually methamphetamine and that the weight was 1.6 grams. *Ehrke*, 459 S.W.3d at 615. His counsel argued that the weight should be verified because the punishment range would be lower if the weight of the substance was below one gram. *Ehrke* noted that, "[i]n asserting that the weight might be over 40% less than that the DPS chemist measured, appellant did not set forth any reason to doubt the analysis by the original chemist or that the substance was methamphetamine, nor did he explain how an expert was needed

---

[4]The State argued, "[I]t is common that we see that difference in weight from the time that the substance is removed from the defendant and the time that the substance goes to a qualified forensic laboratory with the appropriate scales that have been tested and at the appropriate weight."

to prepare for his defense." *Id.* at 615–16 (footnote omitted). In other words, the defendant "presented no evidence that the tests were improperly performed or that the evidence indicated that the expert's results had been questioned." *Id.* at 616. Thus, *Ehrke* held that the defendant failed to make a preliminary showing of a significant issue of fact.

As in *Ehrke*, Hayes failed to raise any doubt about Kiyak's conclusion that the substance in the cigarette pack was cocaine. Although Hayes raised a concern that the substance weighed less at the laboratory than it did at the police station, Hayes did not set forth any reason to doubt Kiyak's conclusion that the substance weighed 1.98 grams. Hayes discussed the possibility of dry-labbing, but introduced no evidence to support his assertion. He did not indicate why a court-appointed independent expert was required to review Kiyak's work product. Essentially, Hayes made an undeveloped assertion that the requested assistance might be beneficial. As in *Ehrke*, we find that Hayes failed to make a preliminary showing of a significant issue of fact because he "provided no concrete reasoning for why [he] needed an independent chemical analysis of the [cocaine]" or an independent review of Kiyak's work product.[5] *Id.* at 615. Accordingly, we overrule Hayes' first point of error.[6]

---

[5] Hayes suggests that *Ehrke* "merely held that an indigent is not entitled to a court-appointed [expert] carte blanche to *retest* drug evidence" and "did not address the need for an expert to make at least the preliminary showing." Essentially, Hayes suggests that the trial court must appoint an expert to assist a defendant in making a threshold showing of the need for an expert. Yet, *Ehrke* neither stands for Hayes' proposition nor vitiates the general rule that some showing is required as to whether an expert can assist the defense before the trial court is required to provide funding for one. *See Ehrke*, 459 S.W.3d at 616 (citing *Rey v. State*, 897 S.W.3d 333, 341 (Tex. Crim. App. 1995)); *see also Williams v. State*, 958 S.W.2d 186, 192 (Tex. Crim. App. 1997).

[6] We note that the weight determined by the state chemist was less than the weight reported by the arresting officer. On these facts, we find that Hayes has not established the preliminary showing necessary to require appointment of an independent chemist under *Ehrke*. We express no opinion on whether that showing would be met if a state chemist's determination was greater than the weight originally reported by the arresting officer.

**II.     The State Was Not Required to Prove that Hayes Knew he Was in a Drug-Free Zone**

Hayes' last two points of error rest on the premise that the State is required to prove a mens rea with respect to the defendant being in a drug-free zone. Specifically, Hayes argues (1) that the trial court erred in denying a jury instruction requiring a finding that Hayes knew he was in a drug-free zone[7] and (2) that the trial court erred in limiting closing argument urging the jury that they could not make a drug-free zone finding unless Hayes knew he was in a drug-free zone at the time he delivered the cocaine.[8] However, because we find that no separate mens rea element was required in order to make the drug-free-zone finding, we overrule Hayes' last two points of error.

Section 481.134(d) of the Texas Health and Safety Code raises the level of offense for delivery of a controlled substance "if it is shown on the trial of the offense that the offense was committed:  (1) . . . within 1,000 feet of any real property that is . . . a school or . . . the premises of a public or private youth center . . . ." TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (West Supp. 2016).[9] We have previously noted that Section 481.134 does not set forth a mens rea

---

[7]The trial court shall "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Our review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Initially, we determine whether an error occurred and then "determine whether sufficient harm resulted from the error to require reversal." *Abdnor*, 871 S.W.2d at 731–32; *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). Here, we determine that no error occurred.

[8]"It is well settled that both the State and the accused are entitled to discuss facts admitted into evidence and to give reasonable explanations of the law." *Eckert v. State*, 672 S.W.2d 600, 603 (Tex. App.—Austin 1984, pet. ref'd). "Each side is entitled to explain a legal concept as long as the example given by counsel does not constitute a statement of the law contrary to that in the charge." *Id.* "But *no* party has a right to bring before the jury a matter of either law or fact for the purpose of causing them to rebel against the law and refuse to follow it." *Id.* "A statement by counsel of what purports to be the law when same is not contained in the court's charge is improper argument." *Cook v. State*, 540 S.W.2d 708, 710 (Tex. Crim. App. 1976); *see Eckert*, 672 S.W.2d at 603.

[9]*See infra* note 1.

7

requirement separate from the mens rea required to prove delivery of a controlled substance. *White v. State*, 480 S.W.3d 824, 827 (Tex. App.—Texarkana 2015, pet. granted). Hayes argues that we should revisit our analysis because neither the Texas Court of Criminal Appeals nor the Third Court of Appeals has directly ruled on this issue and because petition has been granted in *White*. We reject Hayes' invitation since "a good deal of authority [besides *White*] holds that . . . the State need not prove a culpable mental state with respect to the location of the offense." *Bridges v. State*, 454 S.W.3d 87, 88 (Tex. App.—Amarillo 2014, pet. ref'd) (citing *Uribe v. State*, 573 S.W.2d 819, 821 (Tex. Crim. App. [Panel Op.] 1978)); *see Woods v. State*, 488 S.W.3d 809, 811 (Tex. App.—Amarillo 2016, pet. ref'd); *Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd); *Fluellen v. State*, 104 S.W.3d 152, 166 (Tex. App.—Texarkana 2003, no pet.).

Because the State was not required to prove that Hayes' knowing delivery of a controlled substance occurred while he was knowingly within a drug-free zone, we conclude that the trial court did not err in refusing Hayes' jury instruction or in limiting his closing argument. We overrule Hayes' last two points of error.

## III.     Conclusion

We affirm the trial court's judgment.


                                        Ralph K. Burgess
                                        Justice

Date Submitted:        July 22, 2016
Date Decided:          November 3, 2016

Do Not Publish

8