DERMOTT TOWNSITE CO. et al. v. WOOTEN et al. (No. 8529.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 24, 1917. Rehearing Denied March 24, 1917.)

1. RAILROADS ⟨⟩67(2)—PROPERTY—BOND FOR TITLE—RECOVERY—RIGHT OF.

Where a railroad company which was the real party in interest was not entitled to demand specific performance of a contract for the conveyance of lands, it cannot recover on a bond for conveyance.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 158.]

2. RAILROADS ⟨⟩67(2) — PROPERTY — BOND FOR TITLE—FINDINGS—MATERIALITY.

Where a railroad company which was the real party in interest might claim lands under a contract for their conveyance, though not intended for townsite purposes, a finding in an action on a bond for conveyance to the effect that the company did not intend to use the lands for a townsite is immaterial.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 158.]

3. RAILROADS ⟨⟩72(3) — PROPERTY—CONVEYANCE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 6537, provides that a railroad company shall have the right to purchase, hold, and use such real estate as may be necessary for the construction and use of its road, and to convey the same when no longer required for such use, while article 6538 declares that any railroad company shall have the right to take, hold, and use voluntary grants of real estate as shall be made to it in aid of the construction and use of its railway. Articles 5439–5441 authorize a railroad company to acquire lands for townsite purposes. Held, that an agreement by a railroad company to construct sidings, switches, and depot, etc., near lands owned by a townsite company in consideration of a conveyance to it of lands, is valid and enforceable, though the railroad company did not intend to use the lands so acquired for a townsite; it being authorized to receive them as an aid for construction.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 171.]

4. TRIAL ⟨⟩349(1)—SPECIAL ISSUES—SUBMISSION.

The refusal of the court to submit a special issue unsupported by the evidence or pleadings is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 823.]

5. RAILROADS ⚬➛67(2) — PROPERTY — VOLUNTARY GRANTS.

Under Vernon's Sayles'. Ann. Civ. St. 1914, art. 6538, providing that railroad companies may receive voluntary grants of land to aid in construction, it is not improper for a railroad company to receive such a grant, though it intended to hold the land for an enhanced price, and then dispose of it; hence in an action on a bond for conveyance of land to a railroad company, a special issue submitting the question whether the company in contracting for the land did so as a matter of speculation and not in aid of its construction, is erroneous as tending to mislead the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 158.]

Appeal from District Court, Mitchell County; W. W. Beall, Judge.

Action by H. O. Wooten and others against the Dermott Townsite Company and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Shepherd & Sandusky, of Colorado, Tex., for appellants. Yonge & Yonge, of Snyder, and Royall G. Smith and T. R. Smith, both of Colorado, Tex., for appellees.

BUCK, J. This is the second appeal of this case, our opinion on the first appeal being found in 178 S. W. 598, to which we refer for a full statement of the pleadings. In that opinion, we held that the general demurrer to plaintiffs' petition should not have been sustained, and the judgment of the court below was reversed and the cause remanded. Upon the second trial, the cause was submitted to the jury on special issues, and plaintiffs recovered judgment upon the bond given, and defendants appeal.

In response to the issues submitted the jury found: (1) That the error as to the number of the section in which the 150 acres to be conveyed was located was one of mutual mistake, not due to the negligence of either party, and that the section number intended was 399, instead of 398, as given in the bond; (2) that defendants L. E. Lasseter and R. H. Looney were not partners in the Dermott Townsite enterprise at the time the bond in question was executed; (3) that plaintiffs did not contract for the 150 acres for the purpose of platting a townsite. Inasmuch as it appeared both by the pleadings and evidence that defendants were unable to comply with their contract to convey title to the 150 acres to plaintiffs, because they did not have such title at the time of the suit, plaintiffs, in a second count, prayed for recovery on the $2,000 bond given, and a judgment was given by the court for plaintiff Wooten, for the use and benefit of his coplaintiff, the Roscoe, Snyder & Pacific Railway Company, for a reformation of the contract and bond as prayed for, and judgment in their favor against defendants Lasseter and Looney as sureties for the full sum of $2,000, with interest from November 16, 1912, and a judgment in favor of Looney against

his codefendant Lasseter for the same amount, with costs of suit.

While appellants have presented in their brief five assignments, the main and practically the only question involved is the right of a railway corporation to enforce an executory contract for the conveyance to it of real estate under the circumstances shown in this case.

[1-3] It will be remembered, as is more fully shown in the opinion on the former appeal, that plaintiffs alleged their full compliance with the terms of their contract to construct sidings and such switches as should be necessary to transact its business, and a depot building on the railway company's line adjacent to the townsite of Dermott. The evidence fully sustains this allegation of compliance with the terms of said contract on the part of the railway company. Therefore it follows that the railway company was entitled to a judgment of specific performance, and, in case such judgment should be ineffective because of failure of title to the land involved, to a recovery on the bond given it to guarantee the performance of defendants' agreement to convey, unless the railway company is so restricted by its charter provisions or by statutory inhibition that it cannot acquire and hold title to lands under the circumstances stated. If so prevented by statute or charter provisions then the railway company is in no position to insist upon a recovery on the bond, for if the contract was void, the bond executed to secure it was void also. Edwards County v. Jennings et al., 89 Tex. 618, 35 S. W. 1053. Article 6537, Vernon's Sayles' Texas Civil Statutes, provides that a railroad company shall have the right to purchase, hold, and use such real estate as may be necessary for the construction and use of its railway, etc., and to convey the same when no longer required for such use. Article 6538 provides that such railway corporations shall have the right to take, hold, and use such voluntary grants of real estate as shall be made to it "in aid of the construction and use of its railway," etc. If the construction can reasonably be given to this contract on the part of defendants to convey, and on the part of plaintiffs to receive, the land in controversy, that such conveyance or donation was "in aid of the construction and use" of plaintiff railway, it would then become immaterial as to whether said railway company purposed at the time of said contract to use the land mentioned for townsite purposes, as provided in articles 5439 to 5441, inclusive, of Vernon's Sayles' Texas Civil Statutes. Hence the finding of the jury in answer to the special issue submitted by defendants that the plaintiffs did not contract for said 150 acres of land for the purpose of platting the same into a townsite would be a finding upon an issue immaterial to the proper disposition of this case,

---

⚬➛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and hence such finding would not affect the correctness of the judgment rendered. Such a finding would not exclude nor be inconsistent with the finding that it was the purpose of the railway company and the defendants that the donation of land should be made in aid of the construction of the railway company's lines. Plaintiffs pleaded, in effect, though perhaps not in so many words, that such conveyance or donation was in aid of the construction of the railway company's lines, in that such pleadings stated that it was a part of the contract between plaintiffs and. defendants that the plaintiff railway company should construct the sidings, switches, depot, etc., near to and adjacent to defendants' townsite company, and that in consideration of and in part compensation for such construction on the part of the railway company the defendants agreed to convey the land in controversy. In the case of Township of Rock Creek in the County of Jefferson v. Strong, 96 U. S. 271, 24 L. Ed. 815, the Supreme Court in discussing a provision of a Kansas statute similar to the one here under consideration said:

"Like all expressions of legislative will, this provision of the act must receive a reasonable construction, and we cannot doubt that in the grant of power to aid in the construction of railroads or other works of internal improvement is included authority to assist in the construction of depots and side tracks of a railroad. Such constructions are constituents—essential parts of every railroad, without which it would be incomplete and incapable of serving the uses for which it is intended. The cost of building them is always, and properly, charged to construction account, and not to repairs or expenses of operation; and a mortgage of a railroad, without further description than such as is necessary to indentify it, covers its sidetracks and depots."

In U. S. v. D. & R. G. Ry Co., 150 U. S. 1, 14 Sup. Ct. 11, 37 L. Ed. 975, the Supreme Court, in construing an act of Congress by which railroads were granted the right of way through public lands of the United States, and the use of timber growing thereon, "necessary for the construction of the railroad," held that the language quoted conferred the authority on the railroad to use such timber in the construction of station houses, water tanks, etc., necessary to efficient service on the part of such railroad. In this connection Justice Jackson, speaking for the court, says:

"In its ordinary acceptation and enlarged sense the term 'railroad' fairly includes all structures which are necessary and essential to its operation. As already stated, it was not the intention of Congress to aid in the mere construction of the roadbed, or roadway, but to aid in the construction of the railroad as such, which term has a far more extended signification than the mere track, or roadway. * * * It is no forced interpretation to hold that the right to take timber was intended to aid in the erection of structures without which the railroad would have been practically useless."

See, also, U. S. Trust Co. v. A. & P. R. Co., 8 N. M. 673,. 47 Pac. 725; State v. Commissioners, 56 Conn. 308, 15 Atl. 756; Wooten v. Dermott Town-Site Co., 178 S. W. 598, and cases there cited.

Hence we overrule appellants' first, fourth, and fifth assignments.

[4] In the second and third assignments, error is urged to the refusal of the court to submit certain tendered special instructions involving the question as to whether the plaintiffs, in contracting for the 150 acres of land, did so as a matter of speculation, and not in aid of its construction. Under the two assignments last mentioned, appellants cite no testimony requiring the submission of the special issues tendered and refused. In this state of the record, we cannot hold that there was error in the refusal of the court to submit such issues. The only statement under the third assignment purporting to set out facts or pleadings is a reference to the statement under the first assignment, which does not in our opinion show the propriety of the charge requested. Under the second assignment there is no statement.

[5] The testimony of H. O. Wooten and other witnesses for plaintiffs supports the conclusion reached by the jury that the land was not specifically intended for townsite purposes, or to be 'directly used by the railway company in connection with its tracks, depot, etc.; but we do not understand that, in order for such a conveyance to be valid, it would be necessary that such purpose and intention be shown. If the proffered donation of the land was accepted by the railway company in consideration of its making the improvements pleaded and shown, and such improvements were properly a part of the "construction" of the railroad, as we think undoubtedly was the case, the fact that the railway company might have intended, at the time of the making of the contract, to sell the land so offered in the form of a bonus would not invalidate the contract between the railway company and the defendants. Or the fact that the railway company expected to hold the land for a limited time until its value should be enhanced by the development of the town expected to be built at Dermott, and, incidentally, to make a profit out of the sale thereof, would not exclude the idea that said land was contracted for "in aid of the construction and use of its railway," as authorized by article 6538, supra. Hence we conclude that, in any event, the definition given in the tendered issue shown in the second assignment, to wit, "By the term 'speculation' is meant that the same was not for the purpose of carrying out any of the objects of the Roscoe, Snyder & Pacific Railway Company for which it was incorporated, but was taken or contracted for with a view to making a profit out of the probable future enhanced value thereof," would have been misleading to the jury, and on that account irrespective of the failure of appellant to show evidence properly calling for the submission of an issue upon this point, the is-

sue as tendered was misleading and properly refused.

All assignments are overruled, and the judgment is affirmed.