## JOE CHAMBERS V. THE STATE.

No. 9615.   Rehearing granted April 7, 1926.

**1.—Possessing Intoxicating Liquor — Res Gestae Declarations — After Arrest—Admissible.**

It has long been well settled in this state, that res gestae declarations of appellant which are made by him after his arrest are admissible, and also that the mere fact that such statements are made in answer to questions, will not, of itself, prevent such statements from being res gestae. Following White v. State, 30 Tex. Crim. Rep. 655, and other cases cited.

**2.—Same—Evidence—Cross-Examination of · Wife—Held Proper.**

Where the wife of appellant had testified that whiskey found on the premises of herself and appellant were there for her use as *medicine*, that her doctor had advised her to use whiskey and that she used it both internally and externally, there was no error in permitting the state to prove by her, on cross-axmination, that she never did buy any Alco-Rub, and that her doctor never did tell her that she could buy it and that it would be all right for external use.

**3.—Same—Continued.**

Nor was it error to permit the state to have her testify that she had never bought any whiskey from anybody else, except from the man who sold the twenty-two pints, and that her husband bought the whiskey for her. Such testimony was germane to her direct examination and was properly received.

ON REHEARING.

**4.—Same—Evidence After Case is Closed—Improperly Admitted.**

Where, after the state and defendant had closed the case, and before the charge was read to the jury, the court permitted the state, over appellant's objection to recall the wife of appellant, and to ask her whether or not she had been convicted of vagrancy, and whether or not she had been caught in bed with her husband and another woman, such evidence was erroneously admitted. ·

**5.—Same—Remarks of Court—Held Improper.**

Where, on the cross-examination of the wife of appellant, an objection was made by appellant's counsel to a question propounded by the state, and in reply state counsel said to the court: "It is cross-examination upon whether or not they purchased it," to which the court replied: "I think if he can get her to contradict herself, or lay a predicate for somebody else to contradict her, he has the right to do so." Such remark by the court should not have been indulged. If there be vice in the remarks of the court, it is very difficult to eliminate same by a charge, as was attempted in this instance. See Art. 707 C. C. P. 1925, also English v. State, 85 Tex. Crim. Rep. 450.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Cole & Simpson* of Amarillo, for appellant.

*Sam D. Stinson, State's Attorney, and Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Potter county of the offense of unlawfully possessing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The record discloses that the appellant was in the mercantile business in the city of Amarillo and occupied the back part of his store for residence purposes at the time the officers obtained a search warrant, raided said premises and found about twenty-two pints of whiskey therein. The appellant did not take the witness stand, but his wife as a witness in his behalf testified that she had been under the treatment of a physician for many years, and whiskey had been prescribed for her, and that her husband had kept whiskey for her practically all of said time; that after prohibition went into effect and whiskey became so high, they had decided to see if they could not buy some cheaper, and had purchased this whiskey a few days before the raid at a much lower price by taking all the party had, and that same was bought for and used for medicinal purposes in her own behalf. The appellant's contention on this issue was supported by other testimony outside of that of his wife relative to her use of whiskey and her condition requiring same.

Bill of exceptions No. 5 presents objections to testimony of a witness as to a conversation had between him and appellant at the time of the arrest. Appellant's objection to it is that what he said was not res gestae because in answer to questions. It appears that he was asked in reference to whether he made or bought or stole or found the intoxicating liquor.

Most of the testimony set out in the bill is clearly admissible as res gestae, even though appellant was under arrest. The objection made is as much directed at those parts, as at the statements made by appellant, now urged as incompetent. We see no reason to vary from the rules. The mere fact that statements are made in answer to questions will not, of itself, pre-

vent such statements being res gestae. White v. State, 30 Texas Crim. Rep. 655; Harvey v. State, 35 Texas Crim. Rep. 560; Long v. State, 48 Texas Crim. Rep. 175.

Complaint is made of the action of the court in permitting the state, over objection, to have the appellant's wife testify she never did buy any Alco-Rub, and that her doctor never did tell her she could buy it and it would be all right for external use. It is contended by appellant that this was not made in response to anything brought out by him on direct examination. While this may be true, still the record shows she testified to the doctor's advising her to use whiskey, and she testified to having used it internally and externally for pains, and we think this was germane to the matters she testified to on direct examination and properly admitted.

It is also contended that the court was in error in permitting the state, over the objection of the appellant, to have her testify that she had never bought any whiskey from anybody else except from the man who sold the twenty-two pints, and that her husband bought the whiskey for her. We see no error in such action in view of her testimony in chief. We think same germane to the matters testified to by her and properly admitted.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In some way we overlooked appellant's contention presented in his ninth bill of exceptions. It is made to appear therefrom that after both the state and the defendant had rested their cases and the charge of the court had been prepared and was ready for submission, the state asked to have appellant's wife recalled to the witness stand. The learned trial judge permitted this to be done, but informed the state's attorney that he would not allow him to go into any new field of investigation. The state's attorney then asked appellant's wife as follows: "Well, Mrs. Chambers, did you not plead guilty to a charge of vagrancy?" Appellant objected to this question on the ground that it was making the witness the state's own witness, and was asking of the appellant's wife questions relating to matters not brought out by the defense in direct examination, and further that the offense of vagrancy did not necessarily involve moral turpitude, and further that the complaint upon which the plea, if any, was entered would be the best evidence. It is shown by the bill that the trial judge

then said: "I think vagrancy committed in some ways is admissible to be produced and I don't know what this might be. I overrule the exception." It is further shown that the witness answered the question as follows: "Absolutely not. Have you any record to that effect?" It is then further shown that the state's attorney asked said witness: "Well, didn't you go down here and pay a fine in the justice court?" to which she said she never paid a fine in her life. It is further shown that thereupon the district judge said to the witness: "Well, answer the question lady," and that the district attorney asked her the following question: "Well, did the officer arrest you for being in bed with your husband and Blanche Ballard in the middle?" to which question appellant also excepted, and this objection was sustained. It is further shown that the state then asked appellant's wife if she knew former Deputy Sheriff Davis. It is further shown that at this juncture the court said: "Gentlemen of the Jury, I will instruct you not to consider the questions by the district attorney of this witness, whether she pleaded guilty of vagrancy or not, it not appearing she was, and that it also not appearing for what grounds, if any, she was ever charged with it. And you must disregard that altogether." As we view it, this entire matter was improper and prejudicial. It is legal for the court to allow testimony at any time before the close of the argument, and it would have been proper to have recalled appellant's wife and examined her as to any matter about which she gave testimony in chief when introduced for the defense. It would also have been proper to have made any proof fairly affecting her credibility as a witness, but questions such as appear in this bill, to-wit: whether she had ever been convicted of vagrancy, and whether she had ever been arrested by an officer, in bed with another woman and her husband,—reflect no legal or fair inquiry and could have no other effect except to prejudice the jury against the witness. The statements of the trial court in instructing the jury not to consider the questions are, in substance, that they will not consider the question of whether she pleaded guilty of vagrancy or not, it not appearing that she was, and it also not appearing for what grounds, if any, she was ever charged with vagrancy, seem not free from the imputation that the jury may have thus been given to understand that the reason in the mind of the court for rejecting the testimony was not that witness had not pleaded guilty of vagrancy, but that it was not shown that she was a vagrant, and that the true reason for rejecting it was not that she was not charged with vagrancy but that it was not shown on what

grounds she, was charged with such offense. Trial judges can not be too careful in making such statements because of the importance attached to their expressions, by juries.

By bill of exceptions No. 7 the language used by the learned trial judge is further complained of. It appears that over objection the witness Mrs. Chambers, on cross-examination by the state, was permitted to make the following statement: "I never did tell anybody that I found the whiskey," (referring to the 22 pints of whiskey found at the residence of herself and defendant by the officers.) The objection to this by appellant was that it was not cross-examination of the witness upon any point developed from her in the direct examination. The state arguing this objection said to the court: "Yes, it is, your Honor. It is a cross-examination upon whether or not they purchased it." It is shown that the trial judge then said: "I think if he can get her to contradict herself or lay a predicate for somebody else to contradict her, he has a right to do it." There was no objection made by appellant on the ground that the state was trying to contradict the witness, nor any disclosure of its purpose in asking the question thus objected to. We seriously doubt the propriety of the trial court's language in this matter. Such an expression might be susceptible of the construction by the jury that it indicated the court's opinion as to the bearing of the testimony, such as is forbidden in Art. 707, 1925 C. C. P. See English v. State, 85 Texas Crim. Rep. 450. It is true that in this matter the court expressly instructed the jury that the statements made by the district attorney to the court and the court to the district attorney should not be considered by them, but if there be vice in the remarks of the court it is very difficult to eliminate same by a charge. It were better not to have produced the occasion for giving such instruction.

Upon a more mature consideration of this case and the bills we have just discussed we are of the impression that our affirmance was wrong, and for the reasons set forth in this opinion the motion for rehearing will be granted, the judgment of affirmance set aside, and the cause now reversed and remanded.

*Reversed and remanded.*