ANDREW WARD V. STATE

No. 25475. November 21, 1951.

Hon. Joe B. Brown, Judge Presiding.

*Roger Lewis,* and *Alexander D. McNabb,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Jimmie MacNicoll, William C. Dowdy, Jr.* and *Robert L. Shaw,* Assistants District Attorney, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for an aggravated assault on his twenty-two months old child and assessed a penalty of 730 days in jail.

The evidence in the case shows an unmerciful whipping of the child of such tender age and would sustain the conviction, had the trial been conducted according to law. There are numerous errors pointed out but we will discuss only those which might occur on another trial.

Appellant's Bill of Exception No. 4 complains of the admission of the evidence of John Massey, a deputy sheriff, who said that the defendant confessed to him that he whipped the child at the time and place in question. The officer said he had gone to investigate a complaint about appellant whipping his child, that he found him in the rear of his premises feeding his chickens and, quoting from the bill: "* * * if defendant had started walking or running away he would have asked him to wait that

he wanted to talk to him; and that they did then and there pro-
ceed to the jail house in question; * * *."

This bill is approved by the court as correct but is not fully
supported by the language of the statement of facts. We do not
mean to hold the officer's testimony as to statements of appel-
lant to be inadmissible, but do suggest that upon another trial
some attention should be given to it in order to develop the
facts more clearly.

Bill of Exception No. 16 complains of an improper comment
by the court on the weight of the evidence, in the presence of
the jury. It was a controverted issue as to whether the most
serious injury described was inflicted by the switch in the hands
of appellant or by the child's falling from a high chair. This
injury was across the left side of the face and near the eye.
There is no definite and clear testimony that it was inflicted
by the switch. On the other hand, appellant's wife testified that
it was caused by the child's falling from a high chair. This was
an important matter from the standpoint of the prosecution.
The assistant district attorney so considered it and in his argu-
ment to the jury said: "If that switch had gone another inch
over, you would be trying the man for a baby that is blinded in
one eye."

Objection was made to this argument and the court over-
ruled the same, remarking: "Well, counsel, I think it is a reason-
able deduction from the testimony." This is tantamount to the
court saying to the jury the very words which he approved in
the argument of the district attorney. It was a comment on the
weight of the evidence.

Article 707, Vernon's Ann. C.C.P. reads as follows: "In rul-
ing upon the admissibility of evidence, the judge shall not dis-
cuss or comment upon the weight of the same or its bearing in
the case, but shall simply decide whether or not it is admissible;
nor shall he, at any stage of the proceedings previous to the
return of a verdict, make any remark calculated to convey to
the jury his opinion of the case."

It would hardly appear necessary to cite authorities sus-
taining our conclusion. It is a question which seldom comes to
the higher courts. The statute is so plain and positive and the
results so obvious that cautious trial judges need not be misled
into making such remarks. Juries are given to having great

respect for the presiding judge in a case in which they are called to serve. This is as it must be. He is before them as an impartial but wise and just man, serving in that position of importance before them. Any remark made by the trial judge is studied and weighed by the members of a jury. It is a matter of common knowledge that many jurors desire to do that which is pleasing to the judge. The legislature, in full appreciation of the subject of their legislation, has evidenced in the language of the above quoted article a determination to relieve the trial judge of any power to direct the thinking of his jurors. The statute is mandatory. See 4 Tex. Jur., Sec. 411, p. 582; English v. State, 85 Tex. Cr. R. 450, 213 S. W. 632; Chambers v. State, 103 Tex. Cr. R. 674, 282 S. W. 235; and McDonald v. State, 149 Tex. Cr. R. 211, 193 S.W. 216.

For the error herein discussed the judgment of the trial court is reversed and the cause is remanded.