Ronnie Lee DIXON, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–88–00215–CR.

Court of Appeals of Texas, El Paso.

Aug. 2, 1989.

Rehearing Denied Sept. 6, 1989.

Allen R. Strouder, Odessa, for appellant.

R.C. "Eric" Augesen and Gary Garrison, Dist. Attys., Odessa, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

FULLER, Justice.

Appellant was found guilty by a jury of aggravated robbery. The jury assessed punishment at seventy-three years' imprisonment in the Texas Department of Corrections. We reverse.

Point of Error No. One asserts that there was insufficient evidence to establish that the Appellant "used" and "exhibited" a deadly weapon as charged to the jury.

■ The two words are not synonymous, and one does not wholly encompass the other. *Martinez v. State*, 641 S.W.2d 526 (Tex.Crim.App.1982). While not synonymous, the words are not mutually exclusive and can connote the same set of facts. Here, the defendant was charged and found guilty of aggravated robbery by using and exhibiting a knife to threaten the victim or place the victim in fear of imminent bodily injury or death. The testimony reflects that the knife was a broad bladed hunting knife that was held at one time as close as twelve inches from the seated victim's neck. Its manner of use and its capacity to do harm supported the jury's finding that it was a deadly weapon. *Herbert v. State*, 631 S.W.2d 585 (Tex.App.—El Paso 1982 no pet.). The evidence showed that the Appellant pointed the knife at the victim and ordered her to be seated in the back room. He stated, " 'I don't want any funny stuff. I don't want to kill anybody.' " He exhibited the knife and also used it as an instrument to threaten the victim and place her in fear of imminent bodily injury or death.

Point of Error No. One is overruled.

Point of Error No. Two asserts the trial court erred in failing to sustain Appellant's objection to the State's argument which was outside the record.

■ The above points of error concern events that happened in the punishment stage of the trial. The evidence showed that during the commission of the offense, the crime was interrupted by the appearance of the convenience store supervisor. Appellant argued that while it was an unpleasant experience for the victim "from the evidence that I heard, that it looked like there was [sic] any question that nobody was really going to be hurt." The State in final argument then stated to the effect that thank goodness the store supervisor entered, indicating that he probably affected the outcome of the crime (implying it could otherwise have been more serious). We think the argument was invited and was within the scope of invitation. *Johnson v. State*, 611 S.W.2d 649 (Tex.Crim. App.1981).

Point of Error No. Two is overruled.

■ In Point of Error No. Three, Appellant complains that the court erred in overruling Appellant's objection to the court's comment on the weight of the evidence at the time the court ruled on the matter covered under Point of Error No. Two.

When the Appellant made his objection to the State's argument referred to above, the trial court did not merely overrule it but allowed the State to say:

STATE: Your Honor, I submit that's a reasonable inference from the evidence.

COURT: I agree, overruled.

Trial counsel properly objected to the trial court's comment, and the trial court

proceeded to comment some more, by stating:

> COURT: I agree that it is a reasonable inference from the evidence; therefore, the argument will be allowed, so go ahead.

The comments were in direct contravention of the express language of Tex.Code Crim.Pro.Ann. art. 38.05 (Vernon 1979). The trial court not only once made the improper comment but when defendant pointed out the impropriety of the comment, the trial court again repeated his improper comment. After being blessed with the court's approval, the State was encouraged and did again make the argument in reference to the witness's appearance on the crime scene. He stated that his appearance resulted in "possibly preventing a far worse crime."

The same type of comment was made by the trial judge in the case of *Ward v. State*, 243 S.W.2d 695 (Tex.Crim.App.1951) which involved a charge of aggravated assault on a twenty-two-month-old child. It was the State's contention that the defendant whipped the child with a switch and had admitted the offense to a deputy sheriff. In argument, the prosecutor stated:

> 'If that switch had gone another inch over, you would be trying the man for a baby that is blinded in one eye.'

The defendant objected to this argument, and the trial court overruled the objection stating:

> WELL, COUNSEL, I THINK IT IS A REASONABLE DEDUCTION FROM THE TESTIMONY. [Emphasis added].

That case was reversed based on Tex. Code Crim.Pro.Ann. art. 707 [now Tex.Code Crim.Pro.Ann. art. 38.05 (Vernon 1979)], with the Court stating that:

> THE STATUTE IS SO PLAIN ... AND THE RESULTS SO OBVIOUS THAT CAUTIOUS TRIAL JUDGES NEED NOT BE MISLED INTO MAKING SUCH REMARKS. [Emphasis added].

The Court then discusses the role of the trial judge:

> Juries are given to having great respect for the presiding judge.... This is as it must be. He is before them as an impartial but wise and just man, serving in that position of importance.... Any remark made by the trial judge is studied and weighed by the members of a jury. It is a matter of common knowledge that many jurors desire to do that which is pleasing to the judge.

During the guilt/innocent stage, the jury was instructed that the trial court had no right or intention to comment or express an opinion as to any fact; however, the instruction was not given in the punishment charge where the offending improper comments were made.

Appellant may well have richly deserved the seventy-three-year sentence assessed. The comments by the trial court were beneficial to the State and calculated to prejudice the Appellant. We cannot say that the trial court's improper and continuing direct comments made any contribution to the jury's assessment of the seventy-three-year prison sentence to this twenty-two-year-old defendant. Tex.R.App.P. 81(b)(2).

Point of Error No. Three is sustained.

The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion. See Tex.Code Crim.Pro.Ann. art. 44.29(b) (Vernon Supp. 1989).

WOODARD, Justice, dissenting.

I respectfully dissent. With judgments of the defendant's prior convictions for robbery and kidnapping (violent and potentially violent and coercive offenses) having been introduced into evidence, the honorable trial judge was of the opinion that the argument was a reasonable deduction from the evidence as sanctioned in *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983). The judge provided counsel the reason for his ruling with his mind focused on his legal rationale. He pronounced his ruling in valid terms of the law addressing the admissibility of evidence. Much like the judge's action in *Marshall v. State*, 104 Tex.Crim. 619, 286 S.W. 214 (1926) and *Hernandez v. State*, 530 S.W.2d 563 (Tex. Crim.App.1975), the comment was apparently inadvertent; it was not a product of a

dispute with counsel or otherwise designed to prejudice the Appellant. Unfortunately, the legal terminology addressing the admissibility of evidence could be interpreted by the jury as a belief by the judge of a factual matter relevant to the penalty stage of trial.

To constitute reversible error, a comment by a court must be reasonably calculated to prejudice the defendant's rights. *Smith v. State*, 595 S.W.2d 120 (Tex.Crim.App.1980). In the case at hand, the jury was instructed in the court's charge of the guilt/innocent stage as follows:

> You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you may think or surmise the opinion of the Court to be. The Court has no right by any word or act to indicate any opinion respecting any matter of fact involved in this case, nor to indicate any desire respecting its outcome. The Court has not intended to express any opinion upon any matter of act in this case, and if you have observed anything which you have or may interpret as the Court's opinion upon any matter of fact in this case, you must wholly disregard it.

In both the guilt/innocent stage and penalty stage, the trial court instructed the jury in its charge that:

> You are the exclusive judges of the facts proved and credibility of the witnesses, and of the weight to be given to their testimony, but you are bound to receive the law from the Court, which is herein given you, and be governed thereby.

It is generally presumed, although the presumption is rebuttable, that a jury follows the instructions given by the trial judge, in the manner presented. *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Crim.App. 1983); *Rose v. State*, 752 S.W.2d 529 (Tex. Crim.App.1987). It is recognized that modern juries are intelligent, diligent, conscientious, and able to accurately and assiduously follow the plain instructions of the trial judge. Appellate courts are to presume they have done so. *Johnson v. State*, 774 S.W.2d 276 (Tex.App.—Beaumont 1989).

The apparent lack of calculated intent on the part of the trial judge to convey to the jury his opinion of the case, the instructions to the jury to disregard *Chevallier v. State*, 404 S.W.2d 36 (Tex.Crim.App.1965), *Cline v. State*, 463 S.W.2d 441 (Tex.Crim. App.1971) and the presumption that the jury followed the trial court's instructions cure any error. In view of the prior convictions of the Appellant of forceful or violent crimes, the seventy-three-year sentence does not, per se, indicate that the jury was influenced by the trial judge's remarks. The presumption prevails, and Tex.R. App.P. 81(b)(2) is satisfied.