**Manuel Prieto VALLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–90–00355–CR.

Court of Appeals of Texas,
El Paso.

Sept. 25, 1991.

Robert V. Garcia, Jr., Garcia & Leahey, Odessa, for appellant.

Tracey Bright, Odessa, Mark H. Dettman, County Attys., Midland, for the state.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a conviction for the offense of driving while intoxicated. The jury assessed punishment at one year's probation and a fine of $500.00. We reverse and remand.

In Point of Error No. One, the Appellant asserts that the court erred in refusing to grant a mistrial after the counsel for the State during closing argument improperly commented on the Appellant's failure to testify. During final argument at the guilt-innocence stage of trial, the following exchange occurred:

STATE: The judge has instructed you, as Mr. Garcia pointed out, you can't use the fact that Mr. Valles didn't testify against him, and you can't. But you can ask these questions, and you have a right to have the answers to these questions. Those questions are, when he got on the videotape, why didn't he do any sobriety tests? Why didn't he count backwards from 20 so every one of us could see how he behaved that night? Why didn't he stand on one foot so every one of us could see how he reacted? Why wouldn't he say his ABC's when he was requested to? Why wouldn't he touch his nose? Why wouldn't he walk a straight line? Those are good questions. Why? Nobody ever told you why he wouldn't do that. I'll tell you why he wouldn't do that, because the person that knows best of everybody how much they had to drink and how drunk they are is the drunk themselves, the intoxicated person themselves. And nobody knew better than him how intoxicated he was. Nobody knew better than him that he couldn't do the tests out at the scene, and he darn sure wasn't going to do them where y'all could see them. You ask yourself, why didn't he do them? Why didn't he explain or someone explain? Then ask yourself this.

DEFENSE: Your Honor—

STATE: Why didn't he take the breath test?

DEFENSE: Excuse me, Mr. Dettman. Before we continue with this argument, I'm going to object to Mr. Dettman's reference to—or his allusion to the defendant's failure to testify about why he didn't explain why he didn't do that. I'll object to it on that basis.

STATE: Why someone didn't explain. Pardon me, your Honor.

DEFENSE: Well, the only person that can explain is him, and I'll object to his reference to invoking his right to remain silent. They complain about his choosing—

COURT: Excuse me. I'll sustain the objection and ask Mr. Dettman to perhaps rephrase that.

DEFENSE: I would ask that the jury be instructed to disregard that last illegal comment—or that last comment.

COURT: I'll ask the jury to disregard the comment if it was interpreted by you to mean—to allude in any way to

his right not to testify and his not testifying in this trial.

In the present case, the Appellant did not testify in his own behalf at the guilt-innocence state of trial. Counsel for the State may not allude or comment upon a defendant's failure to testify. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim.App. 1973), Tex.Code Crim.Pro.Ann. art. 38.08 (Vernon 1979). For such a comment to be considered a violation, the complained of language must be manifestly intended or of such a character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *Lopez v. State*, 793 S.W.2d 738 (Tex.App.— Austin 1990), pet. dism'd, 810 S.W.2d 401 (Tex.Crim.App.1991).

The State maintains that the argument can, and was intended by the prosecutor to be viewed entirely in the context of the Appellant's actions at the videotaping session after his arrest and, as such, was a proper comment on the Appellant's failure to take the breathalyzer test. During that episode, the Appellant refused to perform any sobriety tests and also refused to take the breathalyzer test. The State argues it meant that the Appellant could have explained at that time why he refused the tests, not that he should have explained by testifying at trial. Unfortunately, the phrase, "Why didn't he explain or someone explain?", is not amenable to such a generous interpretation. The Appellant is the only person who could explain these matters and the implication of the argument is certainly susceptible to questioning the Appellant's failure to testify at trial. The State further maintains that the court's instruction to disregard the testimony cured any error. However, the prohibition against a comment on an accused's failure to testify is mandatory and the adverse effect of such a reference is not generally cured by an instruction to disregard. *Lopez v. State.*

We must next determine if the error was harmful pursuant to Tex.R.App.P. 81(b)(2) which provides that a cause will not be reversed if the appellate court determines beyond a reasonable doubt that the error

made no contribution to the conviction as well as the punishment.

In making this assessment, the reviewing court should not focus on the weight of the other evidence of guilt, but rather on whether the error might possibly have prejudiced the jurors' decision-making and whether the error was of a magnitude that it disrupted the juror's orderly evaluation of the evidence. *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App.1989). Further, the court must examine the source of the error, the extent it was emphasized by the State, and the probable collateral implications. The court must also determine whether declaring the error harmless would encourage the State to commit the error again with impunity. *Harris v. State* at 587.

In the present case, the argument violated a mandatory statute and was of constitutional dimension. The remark was emphasized by the State thus fixing the jurors' minds upon the Appellant's failure to testify. We are unable to find that the remark constituted harmless error. Point of Error No. One is sustained.

In Point of Error No. Two, the Appellant contends that the court erred in overruling the Appellant's objection to argument outside the record. During final argument at the guilt-innocence stage of trial, the counsel for the State argued the Appellant had failed to call several witnesses who were with the Appellant at a party prior to his arrest. He further stated that this failure was due to the fact that they would have testified that he was intoxicated at the party. The Appellant objected that this comment was outside the record and the court overruled the objection. Counsel for the State then repeated this statement but the Appellant failed to make a timely objection. As such, error, if any, was waived. *Johnson v. State*, 713 S.W.2d 741 (Tex.App.—Dallas 1986, pet. ref'd). Point of Error No. Two is overruled.

In Point of Error No. Three, the Appellant argues that the court erred in overruling the Appellant's objection to the court's comment on the weight of the evidence.

During closing argument at the guilt-innocence stage of trial, the following exchange occurred:

> STATE: I don't have any stake in this case at all. I live in Midland. I told y'all that. I hope you don't hold that against me. But I'm over here. I have a job to do. My job is to see—not to convict, but to see that justice is done. And that's what I've tried to do, is see that justice is done.
>
> DEFENSE: Your honor, I'm going to object to this self-serving statement by the prosecutor as to what his motives are in prosecuting this case. That's his obligation to the law, and whether he's done that or not is none of anybody's business. It's his. He's got to live with it himself. I'll object to the self-serving statements.
>
> COURT: Okay. I'll overrule that, as the prosecutor is allowed to respond to those matters which were brought up in the defense's closing arguments, and I think that's clearly within response to some statements made there.
>
> STATE: Thank you, your Honor. That is my job.
>
> DEFENSE: I'm sorry, your Honor. I'm going to object to the comments made by the court about the propriety of the objection or not.
>
> COURT: Well, that's my job to rule on whether the objection is proper—
>
> DEFENSE: I'm just—
>
> COURT: —or improper, and I've overruled it. Proceed.
>
> STATE: That is my job to see that justice is done, and that's the job I've performed....

■ Tex.Code Crim.Pro.Ann. art. 38.05 (Vernon 1979) provides that the court, in ruling upon the admissibility of the evidence, shall not discuss or comment upon the weight of the evidence or make any remark calculated to convey to the jury its opinion of the case. We find that the court's comment was error. *Dixon v. State*, 775 S.W.2d 795 (Tex.App.—El Paso 1989, pet. ref'd). Point of Error No. Three is sustained.

■ In Point of Error No. Four, the Appellant asserts there is insufficient evidence to support the conviction. The evidence adduced at trial revealed that on April 11, 1990, two officers of the Odessa Police Department observed the Appellant's car. It appeared to be speeding and the officers followed the Appellant. The Appellant's vehicle was weaving and the vehicle failed to stop at the proper place at an intersection. When the car was stopped, the Appellant had difficulty exiting. The Appellant had difficulty locating his driver's license. The Appellant's breath smelled of alcohol and he had difficulty maintaining his balance. The Appellant was unable to perform several dexterity tests. His speech was slurred and his eyes were red and glassy. Both officers testified at trial that, in their opinion, the Appellant was intoxicated.

■ The standard of review on appeal with regard to the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983). The testimony of a peace officer, standing alone, is sufficient to support a conviction for driving while intoxicated. *Annis v. State*, 578 S.W.2d 406 (Tex.Crim.App.1979). We find there is sufficient evidence to support the conviction. Point of Error No. Four is overruled.

The judgment of the trial court is reversed and remanded for new trial.