COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




MICHAEL DAVID ERHARDT,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-05-00370-CR



Appeal from the


County Court at Law No. 1


of Collin County, Texas 


(TC# 001-87284-04) 



O P I N I O N

 Michael David Erhardt appeals his conviction for driving while intoxicated. A jury found
him guilty, and the trial court assessed punishment at 120 days confinement in the county jail,
probated for 18 months, and a fine of $1,000. In two issues, Appellant contends that the
evidence presented at trial is both legally and factually insufficient to prove that he was
intoxicated at the time he was driving. We affirm.

 On October 28, 2004, at about 2:30 a.m., State Trooper Shawn Tasby was patrolling the
Dallas North Tollway in Collin County, Texas when his radar measured a red two-door
Mitsubishi traveling seventy-five miles-per-hour in the sixty miles-per-hour zone. He stopped
and approached the driver, the Appellant. Appellant had some trouble finding his driver's
license and fumbled around looking for it. While speaking with Appellant, Trooper Tasby
smelled an odor of alcohol coming from the vehicle and from Appellant. When asked whether
he had been drinking, Appellant stated that he had consumed five drinks between earlier in the
afternoon and approximately one hour and a half before the stop.

 Trooper Tasby conducted several field sobriety tests. He first asked Appellant if he wore
eyeglasses or contact lenses, and Appellant replied that he was wearing contact lenses. He then
asked whether Appellant had any problems with his legs, and Appellant stated that he did not. 
On the horizontal gaze nystagmus test, Appellant displayed six of the six clues of intoxication. 
On the walk and turn exercise, Appellant was unable to stand heel-to-toe on a line, took the
wrong number of steps, did not walk heel-to-toe as instructed, used his arms to balance himself,
and made an improper turn. Appellant told Trooper Tasby that he had sinus problems, which
impaired his balance "big time." When asked to stand on one leg, Appellant made several
attempts but was ultimately unable to complete the test. Trooper Tasby arrested Appellant on the
belief that he was intoxicated.

 The video from Trooper Tasby's patrol car shows Appellant apparently nodding in and
out of sleep, beginning within about one minute after leaving the scene of arrest and continuing
throughout the drive to the Collin County Jail. At one point, Appellant appears to briefly fall
asleep while leaning his head against the safety belt, with the safety belt caught in between his
lips.

 Upon arrival at the Collin County Jail, Appellant complained of chest pains and was
screened by the jail nurse, Jennifer Walker. Ms. Walker took Appellant's blood pressure, and
having found no cause for alarm, took no further action. The Appellant refused to give a sample
of his breath. Instead, he offered a sample of his blood, but Trooper Tasby denied his request.

 Appellant was later indicted for driving while intoxicated. At trial, Appellant presented
an impairment rating report conducted on April 30, 1997 in response to an injury he sustained on
January 23, 1996. The report states that Appellant has a 22 percent whole person impairment
rating, but that Appellant's gait is "[n]ormal in heel and toe and tandem walking without
evidence of weakness or antalgia."

 In reviewing the legal sufficiency of the evidence, we must view the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509
(Tex.Crim.App. 2005). The trier of fact is the sole judge of the weight and credibility of the
evidence. Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). In conducting our
review, we may not re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the fact finder. King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000);
Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). Any inconsistencies in the
evidence are resolved in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406
(Tex.Crim.App. 2000).

 In reviewing the factual sufficiency of the evidence, we must determine whether
considering all the evidence in a neutral light, the jury was rationally justified in finding guilt
beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004),
overruled on other grounds by Watson v. State, 204 S.W.3d 404 (Tex.Crim.App. 2006). 
Evidence can be factually insufficient if the evidence supporting the verdict, considered by itself,
is too weak to support the finding of guilt beyond a reasonable doubt, or contrary evidence is so
strong that guilt cannot be proven beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484-85. 
Our evaluation, however, should not intrude upon the fact finder's role as the sole judge of the
weight and credibility given to any witness's testimony. See Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997). We will not set aside the judgment unless the evidence supporting the
verdict is so weak as to be clearly wrong and manifestly unjust. Zuniga, 144 S.W.3d at 481. A
clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the
conscience" or "clearly demonstrates bias." Id. An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports the appellant's
complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 In Issue One, Appellant contends that the evidence of his intoxication is legally
insufficient to support the jury's verdict. "Intoxicated" means: (A) not having the normal use of
mental or physical faculties by reason of the introduction of alcohol into the body; or (B) having
an alcohol concentration of 0.08 or more. Tex.Pen.Code Ann. § 49.01(2)(Vernon 2003). In
this case, Appellant was tried under the "not having the normal use of mental or physical
faculties by reason of the introduction of alcohol" into the body. Evidence of intoxication may
include, inter alia: (a) slurred speech; (b) bloodshot eyes; (c) the odor of alcohol on the person;
(d) unsteady balance; (e) a staggered gait; and (f) the odor of alcohol on the breath. Cotton v.
State, 686 S.W.2d 140, 143 n.3 (Tex.Crim.App. 1985). The uncorroborated testimony of a peace
officer, standing alone, is sufficient to establish the element of intoxication. Valles v. State, 817
S.W.2d 138, 141 (Tex.App.--El Paso 1991, no pet.), citing Annis v. State, 578 S.W.2d 406, 407
(Tex.Crim.App. 1979).

 Viewed in the light most favorable to the verdict, the evidence shows that Trooper Tasby
observed Appellant traveling at seventy-five miles-per-hour in a sixty mile-per-hour zone. When
Trooper Tasby approached Appellant, he smelled an odor of alcohol coming from the car and
from Appellant. Appellant failed three standardized field sobriety tests, including the walk and
turn and the one-leg stand tests because he was unable to maintain his balance. At the time of the
stop, Trooper Tasby had been a State Trooper for three and a half years and testified that he
believed the Appellant was intoxicated, and no longer had the normal use of his mental and
physical faculties. Appellant admitted to Trooper Tasby that he had been drinking throughout
the day, and refused to give a sample of his breath. Based on the above evidence, we conclude
that a rational trier of fact could have found beyond a reasonable doubt that Appellant did not
have the normal use of his mental or physical faculties by reason of introduction of alcohol into
his body, and thus was intoxicated. We conclude the evidence is legally sufficient to sustain
Appellant's conviction for driving while intoxicated. Issue One is overruled.

 In Issue Two, Appellant asserts that the evidence adduced at trial is factually insufficient
to establish that he was intoxicated. Discussing the most important and relevant evidence that
supports Appellant's complaint, he testified that he fell from a twenty-foot ladder in 1996,
shattering his skull and breaking his neck and lower back. Appellant stated that because of this
injury, he could not physically perform the tasks Trooper Tasby had requested of him. He also
testified that he suffers from inner ear and sinus problems, which "throws [his] balance off." 
Appellant testified that he wears contact lenses and is supposed to wear them for a maximum of
ten hours per day, but had been wearing them for over fifteen hours at the time of the stop. Both
Trooper Tasby and Nurse Walker testified that nystagmus may be affected by factors other than
alcohol, including head injuries.

 Appellant also asserts that he did not display the usual signs of intoxication. Trooper
Tasby testified that the only thing unusual about Appellant's driving was his speeding. He also
testified that Appellant was compliant, had no trouble exiting his vehicle or walking over to
where he was instructed, and did not stumble, fall, or lean against the car for support. Trooper
Tasby further testified that there was nothing unusual about Appellant's behavior during their
ride to the jail. Appellant offered to submit to a blood test. However, the statute allows the
peace officer to request a breath or blood test. Tex.Transp.Code Ann. § 724.012(c)(Vernon
Supp. 2007); Aguirre v. State, 948 S.W.2d 377, 379 (Tex.App.--Houston [14th Dist.] 1997, pet.
ref'd)(no law exists authorizing the officer to allow an accused to furnish a blood sample instead
of taking a breath test). The courts have held that the officer has the discretion to choose which
type of test to request of the accused. Aguirre, 948 S.W.2d at 380, citing Drapkin v. State, 781
S.W.2d 710, 712 (Tex.App.--Texarkana 1989, pet. ref'd). Finally, Appellant testified that he was
simply not intoxicated at the time of the stop.

 As stated above, there is evidence that Appellant was speeding, smelled of alcohol,
appeared to a law enforcement officer to be intoxicated, and failed three field sobriety tests. 
Thus, the evidence of Appellant's intoxication is not so weak as to make the verdict seem clearly
wrong or manifestly unjust. As for the evidence contrary to the jury's verdict, we likewise find
that it does not outweigh the evidence of Appellant's guilt. While Appellant testified that his
1996 injury caused him a 22 percent impairment from which he painfully suffers every day,
neither he nor Trooper Tasby could recall that Appellant had mentioned this injury at the time of
the stop. In fact, Appellant told Trooper Tasby that he did not have any problems with his legs. 
The impairment rating report, the only evidence of Appellant's injury other than his own
testimony, explicitly states that Appellant was able to walk heel-to-toe normally one year after
his injury. There is no evidence that Appellant was or appeared to be in pain while walking or
while attempting to perform the various field sobriety tests. The medical records also state that
he is independent with a home exercise program, and works out at the gym on a daily basis. It
also shows that he denied any neurological deficits such as numbness, tingling, or radiating pains
into his arms or legs. Appellant testified that he does not take any medication, not even pain
medication, to treat the pain he stated he suffers whenever he walks. Appellant also testified that
he formerly received disability benefits for his impairment but no longer does. While we agree
there was evidence presented that Appellant's prior injuries could have affected his performance
on the field sobriety tests, this evidence was not so strong that the beyond a reasonable doubt
standard could not have been met. The jury could have reasonably accepted Trooper Tasby's
testimony that Appellant was speeding, smelled of alcohol, failed the three sobriety tests, and
appeared to be intoxicated. The jury was also able to view the videotape of the stop. We find
that the jury's verdict is not so contrary to the overwhelming weight of the evidence so as to be
clearly wrong and manifestly unjust. Thus, we conclude the evidence is factually sufficient to
sustain Appellant's conviction. Issue Two is overruled.

 Having overruled Appellant's two issues, we affirm the judgment of the trial court.


February 21, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)