COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

BRISSIA CARDENAS,

§          No. 08-12-00277-CR

　　　　　　Appellant,

§          Appeal from

v.

§          County Criminal Court No. 1

THE STATE OF TEXAS,

§          of El Paso County, Texas

　　　　　　Appellee.

§          (TC # 20100C08586)

## O P I N I O N

In two points of error, Brissia Cardenas challenges her conviction for driving while intoxicated. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

Appellant was arrested in El Paso on August 20, 2010 for driving while intoxicated. El Paso Police Officer Cory Balke and several other officers were finishing a call in the vicinity of Mesa and Fountain streets in El Paso when he saw a small, light-colored vehicle traveling west on Mesa strike a curb and keep traveling. He heard the impact and observed that it caused the vehicle to rise up and lose a hubcap. Officer Balke then radioed El Paso Police Sergeant Joseph Guevara, who also heard the collision and was closer than Balke to the vehicle, and asked him to catch up to the car. Balke then began driving towards the suspect vehicle, but was stopped by a traffic light. While stopped, he observed Sergeant Guevara beginning to make the

traffic stop. Shortly thereafter, Balke arrived at the scene, where Sergeant Guevara had already made contact with the driver and asked her to step out of her vehicle. Sergeant Guevara, who had only just begun his contact with Appellant, then passed the traffic stop over to Officer Balke. Balke observed several signs indicating that Appellant was intoxicated, and he placed her under arrest.

A jury trial began on March 1, 2012. Following jury selection, but before evidence commenced, defense counsel conducted a voir dire examination of Officer Balke. Sergeant Guevara was not available to testify that day, and Appellant contended that Balke lacked sufficient information to establish reasonable suspicion for the initial traffic stop. Following Balke's voir dire testimony, counsel moved to suppress all evidence on this basis. The State announced that it was ready for trial despite Sergeant Guevara's absence, and it argued that Balke's testimony sufficiently established reasonable suspicion. The trial court denied the motion to suppress, at which point defense counsel requested that the trial be continued to a date on which Sergeant Guevara would be available to testify. The court granted the continuance, and trial recommenced on July 31, 2012. Both Officer Balke and Sergeant Guevara testified, and the jury subsequently found Cardenas guilty. The trial court then entered judgment and sentenced her to 180 days in jail probated for 18 months.

Appellant presents two issues on appeal. Her first point of error challenges the trial court's denial of her motion to suppress. In her second point, she complains that the evidence was legally insufficient to support the jury's verdict.

## MOTION TO SUPPRESS

When a motion to suppress challenges the legality of a warrantless detention, the State must establish that the stop was justified by a reasonable suspicion that the person detained was,

2

had been, or soon would be engaged in criminal activity. *Martinez v. State*, 348 S.W.3d 919, 923 (Tex.Crim.App. 2011). The State must establish this matter by a preponderance of the evidence. *York v. State*, 342 S.W.3d 528, 543 (Tex.Crim.App. 2011), *citing Griffin v. State*, 765 S.W.2d 422, 429-30 (Tex.Crim.App. 1989). We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review *de novo* application-of-law-to-fact questions that do not turn on credibility and demeanor, as well as wholly legal conclusions. *Guzman*, 955 S.W.2d at 89; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005); and *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex.Crim.App. 2007).

Appellant argues that Officer Balke's testimony regarding Sergeant Guevara's reasons for stopping her was hearsay, and thus that the State failed to establish the existence of reasonable suspicion. However, because suppression hearings involve only the determination of preliminary questions, the rules of evidence do not apply. *Granados v. State*, 85 S.W.3d 217, 227 (Tex.Crim.App. 2002)(holding that the Texas Rules of Evidence, with the exception of privileges, do not apply to suppression hearings); *see also State v. Esparza*, 413 S.W.3d 81, 87 n.21 (Tex.Crim.App. 2013). Further, under the "collective knowledge doctrine," the cumulative information acquired by several cooperating officers may be considered in assessing reasonable suspicion or probable cause. *State v. Duran*, 396 S.W.3d 563, 569 (Tex.Crim.App. 2013), *citing*

3

*Derichsweiler v. State*, 348 S.W.3d 906, 914-15 (Tex.Crim.App. 2011), *cert. denied*, 132 S.Ct. 150 (2011).

Officer Balke testified during the suppression hearing that although only he saw Appellant's vehicle strike the curb, both he and Sergeant Guevara heard the accident. Balke observed that the involved vehicle was small compact car, silver or gold in color, and he saw it lose a hubcap during the collision. He then gave Guevara a description of the vehicle over the radio, identified it as the one that struck the curb, and asked him to stop it. Balke testified that Guevara had informed him that he stopped the vehicle because it was missing a hubcap. This testimony was based upon the cumulative information acquired by Balke and Guevara, and it adequately established reasonable suspicion for the traffic stop. We overrule Issue One.

## LEGAL SUFFICIENCY

Appellant next challenges the sufficiency of the evidence to support the guilty verdict. In reviewing a legal sufficiency challenge, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Mason v. State*, 905 S.W.2d 570, 574 (Tex.Crim.App. 1995), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); and *Gribble v. State*, 808 S.W.2d 65, 73 (Tex.Crim.App. 1990), *cert. denied*, 501 U.S. 1232, 111 S.Ct. 2856, 115 L.Ed.2d 1023 (1991). A person commits the offense of driving while intoxicated if she: (1) is intoxicated, (2) while operating a motor vehicle, (3) in a public place. TEX. PENAL CODE ANN. § 49.04(a)(West 2011). Cardenas challenges only the sufficiency of the evidence supporting the first element, intoxication.

Both Officer Balke and Sergeant Guevara testified that they observed signs indicating that Cardenas was intoxicated. Sergeant Guevara testified that she smelled plainly of alcohol (as

4

did her vehicle), that she had red, bloodshot eyes, that she had difficulty locating her driver's license and proof of insurance, and that she grabbed her vehicle to pull herself up as she exited. Officer Balke testified similarly, and added that Appellant had slurred speech, loose posture and body language, and needed to lean against a pole in order to stand. Appellant admitted that she struck the curb and had been drinking. Officer Balke located a liquor bottle in her vehicle. Both before and after her arrest, Appellant refused to submit to sobriety testing. Her husband testified that they had been to a bar on the evening of her arrest, where she had consumed at least one mixed drink and part of another. Taken as a whole, this evidence was legally sufficient to support the jury's finding that Appellant was intoxicated. *See Valles v. State*, 817 S.W.2d 138, 141 (Tex.App.--El Paso 1991, no pet.)(uncorroborated opinion testimony of police officer legally sufficient to support intoxication element); *Weaver v. State*, 721 S.W.2d 495, 498-99 (Tex.App.-- Houston [1st Dist.] 1986, pet. ref'd)(evidence establishing that defendant had been involved in an accident, smelled of alcohol, and had been drinking prior to the accident was legally sufficient to support finding of intoxication). *See also Rios v. State*, No. 07-09-00259-CR, 2010 WL 3910085, at * 3 (Tex.App.--Amarillo Oct. 6, 2010, no pet.)(mem. op., not designated for publication)(holding defendant's refusal to submit to sobriety testing, slurred speech, unsteady stance, and odor of alcohol to be legally sufficient evidence of intoxication). Accordingly, we overrule Issue Two and affirm the judgment of the trial court below.

August 6, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)