# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00209-CR

**Jerald Bunton, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 007089, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of possessing more than one gram of cocaine and assessed punishment, enhanced by previous felony convictions, at imprisonment for forty years. Tex. Health & Safety Code Ann. § 481.5(a), (c) (West Supp. 2003); Tex. Pen. Code Ann. § 12.42(d) (West 2003). Appellant brings forward four points of error in which he contends the court erred by overruling his motion to suppress evidence, by denying his challenge for cause to a venire member, and by commenting on the credibility of police officers as witnesses during jury selection. We will overrule these contentions and affirm the conviction.

At 2:30 a.m. on October 17, 2000, Austin Police Officer Jesus Sanchez and a colleague were patrolling on foot in an area known for drug-dealing. Sanchez saw a person, later identified as appellant, on a bicycle. Believing that appellant was violating the law because his bicycle did not have a light, and curious to know what appellant was doing at this time of night,

Sanchez called out to him and motioned for him to stop. Appellant looked toward the officer and, as Sanchez walked toward him, began to run away, leaving the bicycle. Appellant ran down a cul-de-sack and into the back yard of a known crack house. There, he encountered a tall chain-link fence. Sanchez saw appellant throw two items, each about the size of his palm, over the fence. Appellant continued his flight, but was eventually stopped and arrested by the officers. Sanchez then returned to the chain-link fence and found two palm-sized plastic bags. One bag contained twenty rocks of crack cocaine and the other contained marihuana.

In point of error one, appellant argues that the cocaine was unlawfully obtained and therefore the district court erred by refusing to suppress it. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2003) (exclusionary rule). We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Villareal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). In this review, we defer to the district court's factual determinations but review de novo the court's application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the district court did not make explicit findings of fact, we review the evidence in the light most favorable to the court's ruling and assume the court made findings that are supported by the record and buttress its conclusion. *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

We understand appellant to concede that he voluntarily discarded the cocaine before he yielded to Officer Sanchez's show of authority, and therefore the seizure of the cocaine did not violate the United States or Texas constitutions. *See California v. Hodari D.*, 499 U.S. 621, 625-26; *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995); *Hollingsworth v. State*, 15 S.W.3d

2

586, 591-93 (Tex. App.—Austin 2000, no pet.). Nevertheless, appellant urges that the cocaine was unlawfully seized because the officer's actions constituted the offense of attempted official oppression. *See* Tex. Pen. Code Ann. §§ 15.01, 39.03 (West 2003). He reasons as follows: there was no applicable statute or ordinance requiring him to have a light on his bicycle; Officer Sanchez therefore did not have a lawful basis for detaining him; a public servant who intentionally subjects another to detention that he knows is unlawful is guilty of official oppression; Sanchez's actions amounted to more than mere preparation that tended but failed to effect the commission of that offense.

We will assume for the sake of argument that Officer Sanchez did not have a reasonable suspicion of criminal activity when he called out to appellant and motioned for him to stop. A police officer, however, may approach a citizen without probable cause or reasonable suspicion to ask questions or even to request a search. *Florida v. Royer*, 460 U.S. 491, 497-98 (1983); *Johnson*, 912 S.W.2d at 235. Thus, the encounter between appellant and Sanchez was not unlawful at its initiation. *See Hollingsworth*, 15 S.W.3d at 592. By calling to appellant and asking to speak to him, Sanchez was not guilty of attempted official oppression or any other crime of which we are aware. *See id.* at 594. Appellant chose to flee from the officer and discard the cocaine. This voluntary abandonment of the contraband was not the product of any unlawful action by the officer. *Id.* at 593. The trial court properly refused to suppress the cocaine. Point of error one is overruled.

In point of error two, appellant contends the court should have granted his challenge to a venire member who had a bias in favor of police testimony. *See* Tex. Code Crim. Proc. Ann. art. 35.16(a)(9) (West 1989). The panelist indicated that he would tend to believe the testimony of

3

police officers because, "I have been working with them [in Neighborhood Watch] for like a little over five years now. I haven't had one tell me nothing that was false." Asked by defense counsel if he believed there were officers who might testify falsely, he answered, "There may be some in the world, but I haven't met the first one." He agreed with counsel that he would "pretty much believe" what a police officer said.

The panelist was then questioned by the court: "You understand police officers by training and experience makes [*sic*] them a more credible witness, that is correct. You also understand that they are human and they might be mistaken under oath and might even lie under oath." The panelist responded, "Anybody could do that." The court countered, "Including a police officer." The panelist replied, "Yes." The court then denied the challenge.

Litigants are entitled to jurors who will be genuinely open-minded and persuadable, with no extreme or absolute positions regarding the credibility of any witness. *Jones v. State*, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998). A venire member is not challengeable for cause simply because he would give a certain class of witnesses an edge in terms of credibility. *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999). Although the panelist in question was inclined to believe the testimony of police officers, he did not manifest an extreme or absolute belief that would be immune to persuasion. The court did not err by refusing appellant's challenge. *See Feldman v. State*, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002); *Ladd*, 3 S.W.3d at 560. Point of error two is overruled.

In his last two points of error, appellant contends the court, on three different occasions, commented on the credibility of police officers as witnesses during voir dire, thereby

violating his rights under the Sixth Amendment and article 38.05. U.S. Const. amend. VI (right to impartial jury); Tex. Code Crim. Proc. Ann. art. 38.05 (West 1979) (judge shall not comment on weight of evidence). More specifically, appellant contends the court should have given him three additional peremptory strikes to permit him to exclude the three panelists to whom the questioned statements were made.

The first of these comments was set out above, when the court remarked, "*You understand police officers by training and experience makes them [sic] a more credible witness, that is correct*. You also understand that they are human and they might be mistaken under oath and might even lie under oath." Similar comments were made during the individual questioning of two other venire members who had indicated that they would tend to believe police officers over other witnesses. The court said to one panelist, "Because of a police officer's training and experience, *we expect them to be a better witness than other people*." The court then added, "Do you understand that a peace officer could be mistaken and could even tell a falsehood from the witness stand?" The third comment was, "I understand what you are saying and *certainly a police officer by his education and training may be a credible witness*, but you understand there may be times when police officers may not tell the full truth or may be mistaken."[1]

Appellant objected to the first of the quoted statements, but did not object to the latter two. Contrary to the statement in his brief, appellant did not request three additional peremptory strikes in order to cure the alleged errors.[2] For this reason alone, appellant's points of error must fail.

---

[1] The italicized words are the statements of which appellant complains. We have quoted them in their context.

[2] Appellant requested additional strikes, but not for this reason.

Moreover, we do not believe that the court's comments were reasonably calculated to benefit the State or prejudice appellant's rights. *See Davis v. State*, 651 S.W.2d 787, 790 (Tex. Crim. App. 1983). In so many words, the court told the panelists that while it was understandable that they would consider police officers to be superior witnesses, it was nevertheless possible for officers to make mistakes or even to deliberately lie. In each instance, the panelist acknowledged this possibility. This cause is clearly distinguishable from *Florio v. State*, 626 S.W.2d 189, 190 (Tex. App.—Fort Worth 1981, no pet.), on which appellant relies. In that case, the trial judge, in both word and manner, conveyed to the entire jury panel that he, too, would believe a police officer over a civilian witness. The trial judge in this cause did no such thing. Points of error three and four are overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: August 14, 2003

Do Not Publish

6